[No. 6067.]

## CARL v. NORTHCUTT, ADMINISTRATOR.

1. **Decedent's Estate — Claim — Evidence —** A claim against the decedent's estate for services alleged to have been rendered to him in his lifetime, is not to be allowed, without evidence of the value of the service.—(48)

2. **Trials—Pleading and Evidence — Variance —** A claim for the value of services rendered to decedent in his lifetime is not supported by evidence of an intention expressed by the dead man on or before his demise, to provide for the claimant in his will, by a gift of real property.—(49)

*Error to Washington District Court* — Hon.
EDWARD E. ARMOUR, Judge.

Mr. L. W. NEWBY, and Mr. ALBERT DAKAN, for
plaintiff in error.

Mr. W. S. MORLAN, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the
court:

Plaintiff in error filed a claim for $2,500.00 with
the county court of Washington county, against the
estate of Michael Enright, for services rendered and
care given to him in his lifetime, through a period
of four years and eight months.  Upon this claim the
county court allowed the sum of $143.40, from which
allowance there was an appeal to the district court
of the county.  Trial was had before that court with
a jury.  At the close of the testimony of the claimant
the judge instructed a verdict for the estate, and
entered a judgment of dismissal thereon.  To review
this judgment plaintiff in error brings the case here.

The verdict directed by the district court was
right.  The evidence offered to show the quality and
amount of service was meager, indefinite and unsatis-
factory.  Not a vestige of evidence was introduced
to establish the worth of that service, whatever it
may have been.  In a total absence of such testimony
no part of the claim could properly be allowed.

Some testimony, all of an uncertain and halting
character, was introduced tending to show that de-
ceased, some time prior to his death, had promised
to remember claimant in his will, for the kindness
and consideration that he and his wife had extended
him during his lifetime.  This testimony tended to
show that the deceased had in his mind the purpose,
by way of gift, to leave to plaintiff in error the un-
divided one-half interest which he had in the house,

and ground upon which it stood, at Longmont, Colorado, then occupied jointly by deceased and the claimant and his family, such interest being of the value of about $2,375.00. The testimony indicates that this was in contemplation by deceased purely as a voluntary matter. If, however, as is contended, the promise on the part of deceased was supported by a valuable and adequate consideration, then the cause of action of plaintiff in error, if any, was for specific performance of that contract, and not for services rendered. The proof offered is in hopeless variance with the claim as made, and not only does not support it, but does not tend to do so. The judgment is affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.