## HOPKINS, Respondent, v. PARADISE HEIGHTS FRUIT GROWERS ASSN., Appellant.

(No. 4,185.)

(Submitted September 21, 1920. Decided October 27, 1920.)

[193 Pac. 389.]

*Contracts — Corporations — Powers of Officers — Work and Labor—Quantum Meruit—Value of Services—Evidence—Inferences—Common Observation—Trial by Court—Immaterial Evidence—Presumptions.*

Corporations—Power of Secretary to Make Contracts—Estoppel.
1.   Generally speaking, the secretary of a corporation has no implied authority, as an incident to his office, to contract for his corporation; but where the corporation conducts its affairs in such a way as to induce those who deal with it to act upon the assumption that he has authority to bind it as its general agent, it is precluded, upon the principle of estoppel, to assert that he was without power to do the act for which it is sought to be held liable.

Same—Powers of Agents—How Determinable.
2.   Since a corporation can act only through its agents, the circumstances of each.case must be looked to to determine whether it shall be held bound by the acts of its officers.

Contracts in Writing—When not Completed.
3.   Where it was the understanding of the parties that the terms of a proposed contract were to be reduced to writing and signed by them, and this was not done, it did not become a completed contract, even though the terms thereof as proposed by defendant through letters and telegrams were definitely accepted through the same medium by plaintiff.

Work and Labor—*Quantum Meruit*—Implied Contracts.
4.   Where the president and general manager of a corporation with full knowledge of an agreement between plaintiff and its secretary, which was to be reduced to writing but. was never completed, under which plaintiff was to continue in charge of its property and care for it as he had theretofore done under a previous contract which had expired, and personally instructed him to remain in charge and that he would be reimbursed for expenses incurred and compensated for his services, plaintiff was entitled to recover under an implied contract.

Same—Reasonable Value—Evidence—Sufficiency.
5.   In an action on an implied contract for services rendered in taking care of orchard property, where it appeared that he had been paid $125 a month for like services under a previous contract, and that under a contemplated contract which failed of execution he was to receive $100 for the same services, a finding by the court in a trial without a jury that $100 per month was their reasonable value was proper, although plaintiff did not state in his testimony what his services were worth and there was no specific evidence on the question of value.

Same—Value of Services—Trial by Court—Evidence—Inferences.
  6. In an action of the nature of the above tried without a jury, the trial judge may properly draw upon his own experience and observation in order to determine what plaintiff's services were reasonably worth, in the absence of specific evidence in that respect.

Appeal and Error—Trial by Court—Immaterial Evidence—Presumptions.
  7. Where the trial judge in an action tried without a jury stated to counsel that in rendering his decision he would disregard all evidence objected to as immaterial if he found it to be so, it will be presumed on appeal that he did so, and hence that appellant suffered no prejudice.

*Appeal from District Court, Ravalli County; Theodore Lentz, Judge.*

Action by Ellis F. Hopkins against the Paradise Heights Fruit Growers' Association. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Wagner & Taylor,* for Appellant.

*Mr. S. J. Bischoff,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by the plaintiff to recover for services alleged to have been rendered by him to the defendant, and for money expended in its behalf in caring for real and personal property belonging to it and under its control.

The complaint contains two counts. The first alleges, in substance, that on or about March 1, 1915, the plaintiff and defendant entered into a contract under the terms of which plaintiff agreed to perform services for defendant for a term of three years at a monthly salary of $100; that he was authorized to hire necessary labor in addition to his own, and to expend money for the purchase of hay, grain, implements and material when needed; that pursuant to the terms of the contract he performed services during the months of January,

February, March and April, 1915, for which defendant became indebted to him in the sum of $400, no part of which has been paid, except the sum of $100, the installment of his salary for the month of January; that he paid out and expended money for labor, and for hay, grain, *etc.*, to the amount of $524.70, no part of which has been paid; and that he performed all of the conditions of the contract to be performed by him. Judgment is demanded for $824.70. In the second count, recovery is sought, upon an implied contract, for $824.70 for services alleged to be of the reasonable value of $100 per month, and for money paid and expended; the services having been rendered and the money expended at defendant's special instance and request.

The answer is a general denial of all the material allegations in both counts. A trial by the court without a jury resulted in a judgment for plaintiff for $784.70. Defendant has appealed from the judgment and an order denying it a new trial.

At the trial in the court below the defendant offered no evidence. There were no formal findings. The cause was submitted to this court without oral argument. In the brief of counsel we find thirty-three assignments of error. Two of these challenge the sufficiency of the evidence to justify the decision. The others are predicated upon rulings of the court in admitting evidence introduced by plaintiff.

Upon the question of the sufficiency of the evidence the contentions of counsel are: (1) That it wholly fails to establish the contract alleged in the complaint, and therefore does not warrant a recovery under the first count; and (2) that, since it is apparent from reading the record that the plaintiff abandoned the second count, in that he failed to introduce any evidence tending to establish the reasonable value of the services rendered but relied upon the contract alleged, the evidence is not sufficient to warrant a recovery under the second count.

The defendant is a corporation organized under the laws of South Dakota, having its principal place of business in the city of St. Paul, Minnesota. It is authorized by its charter to purchase or otherwise acquire and hold lands, with water rights, *etc.;* to plant and cultivate them in fruit orchards, or devote them to ordinary agricultural uses; and to provide itself with equipment and supplies necessary or proper to harvest and market the products. Prior to January 1, 1915, it owned and had under its control lands situated in Ravalli county, Montana. These lands were planted in fruit trees which were not yet mature enough to bear. Plaintiff had been employed by defendant under a contract to cultivate the trees and keep them pruned. He was authorized to expend money for the purpose of employing labor when necessary to assist in the performance of his duties, to purchase implements when needed, to keep them in repair, and to purchase hay, grain, *etc.,* to maintain work animals furnished him by defendant. His contract being about to expire, negotiations were opened by him with the defendant, through Harry A. Hageman, its secretary, with the knowledge and consent of W. H. Klauer, the president and general manager, and Louis Boeglin, the vice-president, to renew the contract of employment for another term. These negotiations were conducted through the medium of letters and telegrams from about the middle of December, 1914, up to March 2, 1915, when a definite agreement was reached that the contract should be renewed for three years from January 1, 1915, under the terms of the old contract, except that plaintiff's salary was to be $100 instead of $125 per month as fixed by that contract. The agreement was to be embodied in a formal contract by Hageman and forwarded to plaintiff for his signature. This was not done. In the meantime, from and after January 1, 1915, the plaintiff continued to perform services and to look after the pruning of the trees, *etc.,* as theretofore, sending to Hageman his monthly statements of amounts due him for salary and expenses, as before. About the middle

of the month of March, Klauer and Goeglin visited the plaintiff. After looking over the orchards, Klauer declared himself dissatisfied with the prospect of making them productive, but found no fault with the care of them theretofore and then being given them by plaintiff. Klauer then stated to the plaintiff that he had determined that nothing more should be spent on the cultivation of the orchards because he regarded them a failure. Plaintiff, however, was left in charge until the end of April, when the defendant refused to live up to the agreement. We shall not quote the correspondence between the plaintiff and Hageman because it is somewhat voluminous. It discloses, however, that the terms of the contract as proposed to plaintiff by Hageman were definitely accepted by him by a letter and telegram to Hageman dated March 2, 1915. The letter inclosed a statement of salary and expenses for January and February, with a request for payment. The January installment of salary was paid, but the expenses were not, nor was any other payment thereafter made.

It is insisted by counsel for the defendant that there is no [1] evidence that Hageman had been authorized by the board of directors of the defendant to enter into the contract with the plaintiff, and that, even if he had been so authorized, the negotiations did not result in a completed contract. It is true that there was no evidence that the board of directors had by resolution or otherwise authorized Hageman to negotiate the contract with the plaintiff. Speaking generally, the secretary of a corporation has no implied authority, as an incident to his office, to contract for the corporation. (*Farrell* v. *Gold Flint Min. Co.,* 32 Mont. 416, 80 Pac. 1027.) This is not an invariable rule. The extent of his authority is to be determined by the character of the business of the corporation, and the relative powers and duties of other officers. The conduct of its business through its secretary in such a way as to induce those who deal with it to act upon the assumption that he has authority as its general agent will, by

the principle of estoppel, preclude it from alleging that he was without authority to perform an act for which it would not ordinarily be held liable.  A corporation can act only [2] through agents, and the circumstances of each case must be looked to to determine whether the corporation shall be held bound by the acts of this officer.  But it is not material here to determine whether Hageman was authorized to contract for the defendant.  If it be assumed that he was, under a well-settled principle of the law of contracts, the negotiations [3] did not result in a completed contract.  It appears that it was the understanding between the plaintiff and Hageman that the agreement was to be embodied in a formal written contract.  This was not done.  It is a general rule that, when it is a part of the understanding between the parties that the terms of their agreement are to be reduced to writing and signed by them, their assent to its terms must be evidenced in the manner agreed upon or it does not become a completed contract.  (*Spinney* v. *Downing*, 108 Cal. 666, 41 Pac. 797; *Morrill* v. *Tehama M. & M. Co.*, 10 Nev. 125; *Hodges* v. *Sublett*, 91 Ala. 588, 8 South. 800; *Montague* v. *Weil*, 30 La. Ann. 50; *Mississippi etc. Steamship Co.* v. *Swift*, 86 Me. 248, 41 Am. St. Rep. 545, 29 Atl. 1063; 9 Cyc. 282.)  From this point of view, the evidence is insufficient to warrant a recovery under the first count.  It is amply sufficient, however, to warrant recovery under the second count.

Klauer, the president and general manager, knew of the [4] negotiations between the plaintiff and Hageman.  He knew that plaintiff was in possession of defendant's property and expending money in caring for it.  He visited plaintiff in March and had personal knowledge of the character of his services and the expenses he was incurring.  He then went away, leaving plaintiff to infer that he was expected to remain and to do as he had done theretofore, and that he would be reimbursed for the expenses incurred and compensated for his services.  If it was the purpose to abandon the enterprise, it was Klauer's duty then and there to inform plaintiff of this fact and not to permit him to continue to care for the

defendant's property at his own expense. Even if he had notified the plaintiff to abandon the property and cease to care for it, there would still have been left to be paid what the defendant owed him up to that time. It would be unconscionable, under the circumstances, to permit the defendant to escape liability.

It is true that plaintiff did not state in his testimony [5, 6] what was the reasonable value of his services. There was no specific evidence on this point. It did appear, however, that plaintiff had theretofore been paid $125 per month, and that, under the understanding between him and Hageman, he was thereafter to receive $100 per month and that this amount was reasonable under the circumstances. In addition to these facts, the evidence otherwise discloses fully the character of the services being rendered. This was sufficient to warrant the conclusion that they were reasonably worth what the plaintiff claimed. Even in the absence of any evidence, other than that showing the character of the services, we think the presiding judge was at liberty to draw upon his own experience and observation in order to determine what the plaintiff was entitled to.

We have examined the other assignments of error. Some [7] of the rulings complained of permitted the introduction of immaterial evidence. At the time the rulings were made, however, the judge stated to counsel that if, in making up his decision—which he did after having the case under advisement for several days—he reached the conclusion that any of the evidence had been improperly admitted, he would exclude it' from consideration. The presumption must be indulged that he did this, and hence that the defendant suffered no prejudice. (*Montana Ore Pur. Co.* v. *Butte & Boston C. Min. Co.*, 25 Mont. 427, 65 Pac. 420; *Finlen* v. *Heinze*, 28 Mont. 548, 73 Pac. 123; *Lagier* v. *Lagier, ante*, p. 267, 193 Pac. 392.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HURLY and MR. JUSTICE COOPER concur.