(No. 19983.-

THE PEOPLE *ex rel.* Charles J. Weber, Appellee, *vs.* MARY COHN, Appellant.

*Opinion filed April 17, 1930.*

STONE, J., dissenting.

GOTTLIEB, SCHWARTZ, MARKHEIM & O'BRYAN, (ULYSSES S. SCHWARTZ, and CLAUDE A. ROTH, of counsel,) for appellant.

FOREST H. RICHARDS, and BENJAMIN I. SALINGER, JR., for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

A *quo warranto* proceeding was instituted in the circuit court of Cook county to oust Mary Cohn, the defendant, from the office of director of the Chicago Gear Manufacturing Company, an Illinois corporation. The suit was instituted on the relation of Charles J. Weber, who was a director in the same company and its secretary for several

years. The defendant pleaded, setting forth her title to the office. The relator demurred to the amended plea, and the court sustained the demurrer and entered judgment of ouster against the defendant. From that judgment the defendant has prosecuted an appeal to this court on the ground that the constitutionality and validity of a statute are involved.

The facts as disclosed by the record are, that the Chicago Gear Manufacturing Company had a board of directors composed of three members, namely, David E. Cohn, (the defendant's husband,) Charles J. Weber, (the relator,) and Clarence Dunkle. In 1929 Dunkle sold his stock and resigned as a director, leaving only two directors, Cohn and Weber. They were on bad terms and could not agree upon anything connected with the corporation. Pursuant to the by-laws and statute Cohn called a special meeting of the stockholders for July 27, 1929. No stockholders' meeting had been held since October, 1926. He previously transferred to his wife, the defendant, six shares of stock. He held 91 shares besides, and Weber, the other director, owned 51 shares. At the stockholders' meeting held July 27, 1929, Mrs. Cohn received 97 votes for director and was declared elected. Weber, by his proxy, F. H. Richards, was present at the meeting and nominated Ralph Johnson for director. When the votes were counted Richards filed an objection to the election of Mrs. Cohn on the ground that Cohn had before agreed to vote his stock as a unit with Weber's, and that voted as such unit by Weber all votes cast were against Mrs. Cohn.

The real question involved in the decision of the case is whether the stockholders were authorized to elect a director or whether that was required to be done by the then two directors. Paragraph 5 of section 21 of the Corporation act (Smith's Stat. 1929, p. 726,) provides that the directors of a corporation shall "fill all vacancies which may happen in the board of directors caused by death, res-

ignation or otherwise, until the next annual meeting of the stockholders." The constitution of the State, by section 3 of article 11, provides that in all elections for directors or managers of incorporated companies every stockholder shall have the right to vote in person or by proxy the number of shares owned by him or to cumulate the same, "and such directors or managers shall not be elected in any other manner." It was the contention of the defendant in the trial court that the statute was in violation of the constitution and was void. The relator demurred to the amended plea filed by defendant. The abstract shows that the trial court found the issue raised by the pleadings and in argument of counsel was the question of the validity of the statute. The court sustained the demurrer to the plea and rendered judgment of ouster against the defendant. The court made a certificate that the validity of a statute was involved and allowed a direct appeal to this court.

The relator argues that no validity of a statute was involved, but we think this a misapprehension, as the record discloses that the validity of a statute is the real question involved.

The precise question presented has not previously been considered by this court. In *People* v. *Emmerson*, 302 Ill. 300, this court considered the provision of the constitution referred to, and held that a corporation could not deprive any stockholder of the right to vote by the adoption of a resolution amending articles of incorporation so as to exclude preferred stockholders from the right to vote. The court said in *Hall* v. *Woods*, 325 Ill. 114, that "every stockholder of a corporation has the right to vote his stock at every election of directors, and the legislature has no power to enact a law which will prevent his doing so." The court said in *Luthy* v. *Ream*, 270 Ill. 170: "Corporations shall be controlled by a majority of the stockholders acting through directors elected by them. * * * The power to vote for directors can be exercised only by stockholders in

person or by proxy, and they cannot be deprived or deprive themselves of this power."

This case, we think, shows the wisdom of the constitution and the invalidity of the statute. The board of directors of the Chicago Gear Manufacturing Company was composed of three members. One of them sold his stock and retired. The other two became estranged and disagreed about everything. They could not elect a director if they met for that purpose, so a stockholders' meeting was called to fill the vacancy in the board of directors, where each stockholder had a right to vote his stock. Cohn, one of the directors, had previously transferred six shares of his stock to his wife, the defendant, and she was elected by a vote of 97 to 51 shares. But for the constitutional provision for the election of directors the corporation would have been without a board of managing directors acting together or in unison. The relator had, without discussing the matter with Cohn, filed a bill in the superior court of Cook county naming as defendants Cohn as an individual and as director in the corporation, and the corporation. There is no question that the good will of the corporation was imperiled by the relations and conduct of the two directors, Weber and Cohn, and that it was necessary for a third director to be elected to preserve the corporation's property.

Thompson, in his work on Corporations, (pars. 5641, 5642,) states: "In the absence of express provision there is implied power in the stockholders to do everything necessary to effectuate the corporate functions." In *Sovereen* v. *Whitside*, 12 Ont. L. 638, the court said regarding a corporation having a by-law requiring four directors to constitute a quorum, that when one retired, leaving three, they did not constitute a quorum and were incapable of doing business except upon requisition of the shareholders. The court stated that the necessity of the case required that the shareholders have the means, by electing new directors

to replace those who have retired, of furnishing themselves with a directorate; that unless the shareholders possess the power to fill the directors' places the predicament would be serious. The court further said that the necessity of the situation required that the shareholders should have the power of filling vacancies in the directorate and that a special meeting should be called for that purpose. This case is not an authority upon the constitutional question involved in the case at bar, but it shows the necessity of stockholders having power to elect directors to fill a vacancy.

Both parties have discussed at some length the question whether the relator waived his right to object to the election of a director by the stockholders and is estopped to now maintain such office should be filled by the board of directors. This objection to the election of Mrs. Cohn by the stockholders was not made when Weber's proxy attended the meeting and made the objections. We do not think this question has any essential relation to the decision of this case, the real question being whether the constitution or the statute is to control in the election of a director. As we have previously stated, the constitution provides all elections for directors shall be by the stockholders, etc., "and such directors or managers shall not be elected in any other manner," while the statute provides that the directors shall fill vacancies which happen in a board by death, resignation or otherwise. The two are inconsistent and cannot both be given effect. The stockholders have a right to direct the affairs of the corporation through directors elected by them, and they cannot be deprived of that right under the constitution.

We are of opinion the court below erred in sustaining the demurrer of the relator to the plea, and the judgment is reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*

Mr. Justice Stone, dissenting.