PHILIP S. BLOOM, Defendant in Error, *vs.* THE NATHAN
VEHON COMPANY, Plaintiff in Error.

*Opinion filed October 25, 1930.*

DeYoung, J., took no part.

Miller, Gorham & Wales, and Koven & Rappaport, (Herbert C. DeYoung, of counsel,) for plaintiff in error.

Short, Rothbart, Willner & Lewis, Dwight Mc-Kay, and Walter N. Shurtleff, (John L. Fogle, of counsel,) for defendant in error.

Mr. Justice Heard delivered the opinion of the court:

This cause is here on *certiorari* to the Appellate Court for the First District. In the municipal court of Chicago defendant in error, Philip S. Bloom, (called plaintiff,) recovered a judgment for $25,701.19 against plaintiff in error, the Nathan Vehon Company, (called defendant). This judgment was affirmed by the Appellate Court.

Plaintiff filed a second amended statement of claim, in which he alleged substantially that he was employed by defendant prior to January 1, 1926; that defendant agreed to pay him a salary for the year 1926 in the sum of $10,000; that he received on account thereof the sum of $3130, leaving a balance due in the sum of $6870; that he was employed by defendant for the year 1927 at an agreed salary of $15,000 for the year; that he received the sum of $4700 on account of salary for the year and that there was due

him the sum of $10,300 as salary for the year 1927; that defendant agreed to pay him as salary for the year 1928 the sum of $15,000; that he worked for defendant from January 1, 1928, to November 10, 1928, and received on account of salary for said period the sum of $4385.47, and that there was due him on account of salary for the year 1928 the sum of $8531.19, and that the total amount due him is the sum of $25,701.19.

A bill of particulars filed herein alleged that during the month of January, 1926, Nathan Vehon, as president of the defendant company, verbally agreed to pay plaintiff a salary of $10,000 a year for the year 1926; that during the month of January, 1927, Vehon, as president of the corporation, verbally agreed to pay plaintiff a salary of $15,000 for the year 1927; that Vehon, as president of the corporation, during the month of January, 1928, verbally agreed to pay plaintiff a salary of $15,000 for the year 1928.

An affidavit of merits was filed to plaintiff's second statement of claim as amplified by the bill of particulars, denying that the president of the company made any of the salary contracts specified in the bill of particulars; alleging that plaintiff had been employed at a salary of $50 for the first five weeks of 1926, at a salary of $60 a week for the remainder of 1926, at a salary of $75 a week for 1927 and a part of 1928, and at a salary of $100 a week for the remainder of the time of his employment, and that he had been paid in full for his services. The affidavit of merits further alleged that plaintiff on the twenty-second day of January, 1925, became a director of defendant; that on the twelfth day of January, 1927, plaintiff became the *de facto* secretary of defendant; that as such director and *de facto* secretary plaintiff is not entitled to the amounts claimed except upon the lawful adoption of resolutions by the board of directors of defendant authorizing the payment of the sums claimed by plaintiff, and that no such resolutions were ever adopted by the board of directors of defendant.

The cause was tried before the court without a jury and the issues were found for plaintiff. Defendant submitted propositions of law, which were refused, to the effect that an officer of a private corporation is not entitled to compensation for services rendered unless such compensation be fixed by a by-law or resolution adopted before the rendition of the services; that a director of a private corporation is not entitled to compensation for services rendered unless such compensation be fixed by a by-law or resolution adopted before the rendition of the services; that every stockholder of the corporation has a right to be present at the annual meeting for election of directors, and that such meeting cannot be legally held until after notice of the time and place has been given in an authentic and legal mode unless all stockholders were present and consenting in person or by proxy, and that if a single stockholder having the right to be present and to vote is not duly notified and is absent, or, being present, refuses to consent to the holding of the meeting, its proceedings will be void, and that a salary voted to a director of the corporation is illegal if the resolution fixing the compensation is carried by his own vote. The court overruled defendant's motions for a new trial and in arrest of judgment and entered judgment for the full amount claimed.

It is claimed by plaintiff that the issue made by the pleadings in the municipal court was not whether a valid, enforceable contract was entered into between the parties but only whether such contract was for the amount claimed by plaintiff; that this issue having been found for plaintiff and the judgment affirmed by the Appellate Court, this issue of fact is settled. In this contention as to the issues plaintiff is in error. The validity of the contract was specifically put in issue by the averments of the bill of particulars and the affidavit of merits. Under the pleadings in the case three questions arose: First, was there a contract for compensation entered into between plaintiff and Nathan

Vehon, the president of defendant? Second, had Vehon authority to enter into the contract and bind defendant? Third, what was the amount of the compensation to be paid plaintiff? While under the law we are precluded from examining and weighing the evidence to determine where the preponderance of evidence lies or how the case should have been decided on the evidence, yet it is our duty, on a record like the present, to examine the evidence for the purpose of determining whether, when all the evidence is considered, together with all the reasonable intendments to be drawn therefrom, in its aspects most favorable to plaintiff, there is a total failure to prove any one or more of the elements necessary to be proven to maintain the cause of action alleged in plaintiff's statement of claim as amplified by his bill of particulars; (*Coal Creek Drainage District* v. *Sanitary District,* 336 Ill. 11; *Sterling-Midland Coal Co.* v. *Great Lakes Coal Co.* 334 id. 281;) and in so doing we must examine and consider the evidence itself, and not the statements in the opinion of the Appellate Court as to what facts have been proven.

The defendant was a private corporation organized under the laws of this State. Its capital stock consisted of 1005 shares of $10 each, of which 670 were issued. Nathan Vehon owned 650, plaintiff 10, and Lena Vehon, wife of Nathan, 10 shares. Plaintiff became a director and secretary of the corporation on January 22, 1926.

Plaintiff testified that in January, 1926, he went to Vehon and told him that he (plaintiff) wanted a salary of $10,000 a year, and that Vehon replied that that was all right with him—that he (Vehon) would also take a salary of $10,000 a year and that he wanted Mrs. Vehon to draw $5000 a year; that about January 1, 1927, Vehon came to him and said that he was going away for a trip on account of the condition of his eyes; that plaintiff then said that there should be some understanding as to salaries; that the net profits of the business were large, and that he

(plaintiff) thought the salaries for the year 1927 should be $15,000 each; that Vehon replied that that would be all right with him; that in January, 1928, plaintiff told Vehon that his (plaintiff's) salary ought to be $20,000 a year; that Vehon objected, saying that the salary should continue at $15,000 and that at the end of the year he would vote some stock dividends. Plaintiff says he told Vehon that was all right with him. While this testimony is strenuously denied by Vehon, for the purposes of this review we must accept it as true and as decisive of the case, provided the evidence shows Vehon, as president of the company, had authority to enter into such contract with plaintiff. The general rule is that the president of a corporation, as agent and representative, has power, in the ordinary course of business, to execute contracts and bind the corporation in so doing. He is, by virtue of his office, recognized as the business head of the company, and as a general rule any contract pertaining to corporate affairs within the general powers of such corporation, executed by the president on behalf of the corporation, will, in the absence of proof to the contrary, be presumed to have been by authority of the corporation, as one of the powers incident to his office. (*Quigley* v. *MacQueen & Co.* 321 Ill. 124; *Lloyd & Co.* v. *Matthews,* 223 id. 477.) As officers of a corporation other than the board of directors cannot bind the corporation by a promise to pay another officer a salary or other compensation unless they are expressly authorized to make such a promise, (4 Fletcher's Cyc. of Corp. 2751,) and as such salary must be authorized by the by-laws of the corporation or by a resolution of the board of directors, (*Brown* v. *DeYoung,* 167 Ill. 549,) the power to make a contract with a director or other officer of the corporation fixing the salary of such director or officer cannot be regarded as incident to the power of the president, and the president's authority to make such contract cannot be presumed but must be proven. In the instant case the rec-

ords of the corporation show no such authority given to the president.

It is contended by plaintiff that by reason of the fact that Vehon was the owner of a large majority of the stock he was authorized to make the contract with plaintiff fixing his salary. Under our statute a corporation can act only through its board of directors and officers. Its property is not subject to the control of its members or its stockholders. (*National Brake Beam Co.* v. *Equipment Co.* 226 Ill. 28; *Sellers* v. *Greer,* 172 id. 549.) It is true that Vehon owned a large majority of the shares of stock, but that fact could not vest him with any additional power. *Friedman* v. *Lesher,* 198 Ill. 21; *Manufacturers Building Co.* v. *Landay,* 219 id. 168; *Hopkins* v. *Roseclare Lead Co.* 72 id. 373.

It is claimed by plaintiff that the corporation itself entered into the contract and that the board of directors fixed plaintiff's salary. While records of purported meetings of the corporation were introduced in evidence, the evidence upon both sides showed that such records were not authentic and the meetings of the board of directors mentioned therein were never, in fact, held. That question, however, is not in issue in this case, as the plaintiff, if he recovers at all, must recover upon the case stated in his statement of claim as modified and amplified by his bill of particulars. The object of requiring the plaintiff to file a bill of particulars is to inform the defendant of the claim he is called upon to defend against, and when a bill of particulars has been required and furnished, its effect is to limit and restrict the plaintiff, on the trial, to proof of the particular cause or causes of action therein mentioned. (*McKinnie* v. *Lane,* 230 Ill. 544; *Star Brewery* v. *Farnsworth,* 172 id. 247; *Hess Co.* v. *Dawson,* 149 id. 138; *Waidner* v. *Pauly,* 141 id. 442.) Here plaintiff in his bill of particulars elected to rely upon contracts between himself and the presi-

dent and is therefore limited in his proof for a recovery to such contracts, and no recovery can be had upon any other basis than that of the contracts alleged in the bill of particulars.

There is another reason why plaintiff could not recover on the basis of a salary fixed by the board of directors. The corporation had only three directors—plaintiff, defendant and Lena Vehon—and the undisputed evidence is that the latter never received notice of a directors' meeting or attended one. If plaintiff's salary was fixed by the board of directors his own vote was therefore necessary for the passage of a motion to that effect. The law in this State is, that where a salary or compensation is voted to a director, the vote is illegal if it is carried only by including the vote of the director to whom the pay or salary is voted. *Vorhees* v. *Mason,* 245 Ill. 256; *Adams* v. *Burke,* 201 id. 395; *Fritze* v. *Equitable Building Society,* 186 id. 183; *McNulta* v. *Corn Belt Bank,* 164 id. 427.

It is contended by plaintiff that defendant having accepted the benefit of the contract must be held to have ratified the same and is now estopped from setting up its invalidity. The questions of ratification and estoppel are not in this case, as they are not set up in the bill of particulars as a basis of recovery.

It is stated that defendant accepted services of plaintiff which were of great benefit to defendant, and that for that reason the judgment should be allowed to stand even if the contract for services was void. The services rendered were of value to defendant, and on a proper state of the pleadings plaintiff could recover what they were reasonably worth under a *quantum meruit.* He could not do so under the pleadings in this case for two reasons: First, this suit is not based on a *quantum meruit;* and second, there is no proof in the record as to what the services were reasonably worth.

When the evidence in this case is considered, together with all the reasonable intendments therefrom, in its aspect most favorable to plaintiff, we must hold that he has failed to prove all the elements necessary to maintain the cause of action alleged in his statement of claim as limited and amplified by the bill of particulars.

The judgments of the Appellate and trial courts are reversed and the cause is remanded to the municipal court.

*Reversed and remanded.*

Mr. Justice DeYoung took no part in this decision.