STATE OF NEVADA, on Relation of GEORGE McKAIG, Petitioner, *v.* BOARD OF DIRECTORS OF H. F. DANGBERG LAND & LIVE STOCK COMPANY, a Corporation, Et Al., Respondents.

No. 3326

February 18, 1941.                    110 P. (2d) 212.

*Harlan L. Heward,* for Petitioner and Relator.

*George L. Sanford,* for Respondent John B. Dangberg.

# OPINION

By the Court, ORR, J.:

The petition filed herein represents that the respondents John B. Dangberg and H. F. Dangberg are the directors of the H. F. Dangberg Land & Live Stock Company, a corporation; that since August 12, 1940, they have been the only directors thereof. It is further alleged that the petitioner and relator is and has been since September 10, 1940, a stockholder in said corporation, owning and holding one hundred shares of the capital stock; that all the shares of said capital stock is common stock; that each share of said stock is entitled to be represented and voted at all meetings of the stockholders of the said corporation, whether the same be an annual or special meeting. Said petition further alleges that the bylaws provide the method of calling a special meeting of said corporation, such method being a written request of persons representing one-third of the capital stock.

At the annual meeting of the stockholders held in March 1939, John B. Dangberg, H. F. Dangberg and John V. Mueller were elected directors, and on August 12, 1940, John V. Mueller resigned. The regular meeting of the board of directors was held at Minden, Nevada, on September 10, 1940, at which time the resignation of the said John V. Mueller was accepted. On the 10th of September 1940, the remaining directors attempted to elect a successor to fill the vacancy, but directors John B. Dangberg and H. F. Dangberg were unable to agree upon a person to fill said vacancy. On September 10, 1940, petitioner and relator filed with the secretary of the corporation and presented to the board, while in session as a board of directors, a written request that the said directors call a special meeting of the stockholders. Said board of directors refused and neglected to call a special meeting of the stockholders, and has continued to so refuse since September 10, 1940.

Petitioner and relator alleges that in addition to being a stockholder in the said corporation he represents approximately fifty-six per cent of the capital stock, by reason of a proxy and voting power given by H. F. Dangberg, Gertrude Dangberg and Grace S. Dangberg to Noble H. Getchell, and later assigned to him; that the existence and contents of said substitution were known to the officers of said corporation prior to September 10, 1940. Petitioner further alleges that his request that a meeting of the stockholders be called continued to be ignored; that under the bylaws of the said corporation it was the legal duty of the respondents to call a special meeting of the stockholders of said corporation in compliance with said written request.

The relief asked herein by petitioner is that a writ of mandate issue commanding the respondents to call a special meeting of the stockholders of the said corporation to consider the matters set forth in the written request of petitioner and relator, and that notice of such meeting be given and a date for same fixed.

On the 25th of October 1940, the respondent John B. Dangberg made his return and answer, in which he alleges that the petitioner and relator is not a stockholder owning one hundred or any shares of the capital stock of said corporation, and further alleges that the petitioner's claim to be a stockholder or holder of stock in said corporation is by reason of the fact that Gertrude Dangberg, wife of H. F. Dangberg and one of the stockholders of said corporation, pledged one hundred shares of stock to petitioner as collateral security for an indebtedness owing to the petitioner; that the actual title and ownership of the stock did not pass and has not passed to the petitioner; that the petitioner holds title to the same in trust and as collateral security.

Relative to the alleged deadlock existing between directors John B. Dangberg and H. F. Dangberg, respondent John B. Dangberg alleges that at the meeting held on September 10, 1940, John B. Dangberg nominated Doris Dangberg for said office of director, H. F.

Dangberg nominated George McKaig for said office, and that the votes cast thereon resulted in a tie, and no person was thereafter nominated or elected to fill said vacancy; that in all other respects the management and conduct of the affairs, enterprises and business of the corporation has proceeded normally, efficiently and safely, that the transactions of the company were conducted by the officers of said corporation under the authority and with the ratification and approval of the board of directors of said corporation, without dissent; that business transactions involving large sums of money have proceeded normally, and no dissent has been registered by any director to such transactions; that the only matter concerning said corporation which has been presented for the said remaining directors to consider, in which disagreement has occurred, is the selection of a third director.

Respondent John B. Dangberg further alleges that the so-called proxy and voting power claimed by petitioner and relator was given and granted as a part of the agreement and as security for and in furtherance of a loan of $26,560 made by the predecessor and assignor of the petitioner to H. F. Dangberg and Gertrude Dangberg, his wife, and involved voting power at the stockholders' meetings of said corporation amounting to more than half of all the outstanding stock of said corporation, for a period until said loan should be repaid and in any event not to exceed three years; that the said agreement is against H. F. Dangberg as a stockholder and as a director of said corporation, and equity and justice should not be enforced further than to afford petitioner security for the repayment of the loan; that the corporation is amply financed, is solvent and in a going condition; that the petitioner has no equitable or other right to control or manipulate the control of said corporation to any extent other than or further than to enforce or protect his said security; that his security is not endangered and control of the corporation is not necessary to the petitioner. Respondent John

B. Dangberg further sets up that the demand or written request made by petitioner and relator is insufficient.

Respondent H. F. Dangberg filed an answer admitting that petitioner and relator is entitled to the relief asked.

Petitioner and relator bases his right to the issuance of a permanent writ on two reasons and upon two grounds, to wit: (a) the relator represents more than one-third of the stock of H. F. Dangberg Land & Live Stock Company, a corporation; he has made his demand for a meeting of stockholders, in accordance with the bylaws; and the directors failed, neglected and refused to call a meeting of the stockholders; (b) independent of the question of representation, the relator is a stockholder, has made his demand for a special meeting, and is entitled to have the same held, so that the board of directors shall consist of three directors, in accordance with the statute of this state. Comp. Laws, sec. 1632.

It is contended by respondent John B. Dangberg that the right to vote by proxy is not a common-law right, and this the petitioner and relator admits. It is further admitted that such right in this case is conferred by the statutes of this state and by the bylaws of the corporation.

The instrument granting the right to vote by proxy will be strictly construed. 2 C. J. S., Agency, sec. 98, page 1223; Fletcher Cyc. Corporations (permanent edition), vol. 5, p. 185.

Respondent John B. Dangberg contends that the instrument executed by H. F. Dangberg et al., and which is appended to the petition as Petitioner's Exhibit B, limits the authority of petitioner and relator to the voting of the stock at a convened meeting, and that no authority exists therein authorizing petitioner and relator to require the directors to call such a meeting. An inspection of the said instrument discloses that in so many words such a limitation appears. But petitioner asserts that such a limitation is entirely too narrow, and if enforced would leave the petitioner without

adequate authority to protect his loan, and he would be in much the same position as is pointed out in People v. Cohn, 339 Ill. 121, 171 N. E. 159, 161: "Unless the shareholders possess the power to fill the directors' places the predicament would be serious."

The condition in the instant case, as presented by the issues, is much different than that in the case of People v. Cohn, supra. There is no showing from which it can be reasonably concluded that the position of the petitioner is in any way jeopardized. The value of the stock held as security is many thousands of dollars more than the amount loaned thereon, and the party to whom most of this stock belongs, and who has a much greater interest therein than does the petitioner, is one of the board of directors. H. F. Dangberg, the owner of the stock, will not be a party to a transaction which would permit the value of his stock to deteriorate or to be so jeopardized as not to be ample security for the loan, for to do so would cause great loss to him before the amount of the loan was reached. Again, a significant fact appears: H. F. Dangberg filed an answer herein stating that he believed the petitioner was entitled to the relief requested, it thus appearing that H. F. Dangberg and petitioner are not antagonistic one to the other, and it lies within the power of the two to join in a request for a meeting, which would eliminate any of the questions here presented as to the limitation of the authority conferred by the proxy. The entire picture does not present a situation wherein this court would be justified in relaxing the rule as to strict construction. Further, said picture does incline us to the view that we should hold the petitioner to the plain wording of the said proxy; that it does not appear to have been the intention of the pledgor to place in the hands of the pledgee the power to dominate the affairs of the corporation in all respects; that there is no such power held by petitioner incident to the authority conferred by the said proxy, in order to protect the interests of the

pledgee. We are aware that in some cases such action has been held necessary in order to protect the rights of a pledgee of stock, to enforce rights termed incidental. In such cases it seems that the circumstances of each particular case required such relaxation of the general rule. We find no such situation here.

■■ The assertion made by petitioner in subdivision (b), supra, to the effect that a stockholder, under the laws of this state, may require a board of directors to be maintained at three, is sound, and such right can be invoked in all instances where disregard of such requirement would be detrimental to the interests of the corporation. It appears that the bylaws of the corporation require the annual meeting of the stockholders be held in the latter part of March 1941, at which time directors are to be elected. We are of the opinion that the interests of the corporation, as well as those of petitioner and relator, can well await that event. We decline to issue the writ, because: (1) the proxy given by H. F. Dangberg et al. to the predecessor in interest of petitioner does not authorize or empower petitioner to request the calling of a special meeting; (2) the affairs and condition of the corporation, as appears from the pleadings, are such that it would not be expedient or proper to compel a special meeting of the stockholders at the instance of a stockholder at this time, in view of the comparatively short time before the annual meeting. We are convinced that during the interval the affairs of the corporation and the security held by petitioner will be amply safeguarded. It is unnecessary to decide the question of the sufficiency of the request for the meeting.

Petition denied.