Frank C. Steigerwald, Appellee, v. A. M. Steigerwald Co., Alfred M. Steigerwald and Libera Y. Steigerwald, Defendants.
On Appeal of A. M. Steigerwald Co., Appellant.

Gen. No. 46,776.

First District, Second Division.

December 6, 1955.

Released for publication March 6, 1956.

O'Keefe, O'Brien & Hanson, of Chicago, for appellant; James H. O'Brien, of Chicago, of counsel.

Johnson & Wiles, of Chicago, for appellee; Walter E. Wiles, of Chicago, of counsel.

JUDGE SCHWARTZ delivered the opinion of the court.

This is an appeal from an interlocutory order enjoining the defendant corporation (appellant), Alfred M. Steigerwald, its president, and Libera Y. Steigerwald, its secretary-treasurer, from diverting any corporate funds to Alfred M. Steigerwald other than compensation determined and approved by its board of directors.

The principal question is the validity of the appointment by the president of an executive committee

composed of nondirectors and the action of that committee in providing compensation for the president in addition to that fixed by the board. The chancellor held that this was in violation of Section 38 of the Illinois Business Corporation Act (Ill. Rev. Stat. 1953, Ch. 32, Par. 157.38, Sec. 38 [Jones Ill. Stats. Ann. 32.038]) which reads as follows:

"If the by-laws so provide, the board of directors, by resolution adopted by a majority of the whole board, may designate two or more directors to constitute an executive committee, which committee, to the extent provided in said resolution or in the by-laws of the corporation, shall have and exercise all of the authority of the board of directors in the management of the corporation; but the designation of such committee and the delegation thereto of authority shall not operate to relieve the board of directors, or any member thereof, of any responsibility imposed upon it or him by law."

Plaintiff Frank Steigerwald and defendant Alfred are brothers. Libera is the wife of Alfred. In December 1937 they organized the defendant corporation. The common stock, 70 shares issued, was divided 35 shares to plaintiff, 34 to Alfred, and 1 to Libera. The three constituted the board of directors. Alfred was elected president and plaintiff was elected vice-president and treasurer. This continued to 1945, when plaintiff, by action of a majority of the board (being Alfred and Libera, his wife), was removed from office. Libera became secretary-treasurer. Thereafter a deadlock resulted and that situation has continued to the date of the hearing in question.

In 1949 plaintiff filed suit seeking an injunction, an accounting, dissolution of the corporation, and the sale and distribution of its assets. In April 1954 the board of directors, over objection of the plaintiff, adopted an amendment to the bylaws, providing for the creation of "a committee composed of three reputable business

33

men . . . to pass upon and fix all matters of salary adjustment and compensation to be made to employees performing services as such employees for A. M. Steigerwald Co." The members of the committee were to be selected by the president. In October 1954 the president reported that he had appointed such an executive committee consisting of persons who were not directors and that this committee had made provision for additional compensation for sales employees. The president stated that he proposed to make this compensation effective for himself as of January 1, 1955. That action led to the instant proceeding.

A petition for injunction was filed by plaintiff on January 4, 1955, charging that the bylaws and the executive committee are not in compliance with the requirements of the statute before quoted. The words of the statute clearly support plaintiff's position. An executive committee must be composed of two or more *directors*. Nondirectors cannot sit on such a committee. No other reasonable construction can be derived from the language of the act.

The statute further provides that an executive committee appointed pursuant thereto may be empowered to exercise all the authority of the board. If the interpretation sought by defendant were correct, it would mean that a majority of the board of directors, ignoring the minority, could transfer to a group not elected by the stockholders all their authority, saving only their responsibility for those duties which the board is required to discharge under the law. The courts of this state have carefully preserved the power of stockholders to select those who shall control the corporations for them. People ex rel. Weber v. Cohn, 339 Ill. 121, cited with approval in Wolfson v. Avery, 6 Ill.2d 78.

The question as to whether an executive committee may be composed of nondirectors has never been passed on by a court of review in Illinois. In Dela-

34

ware, where there is a statute similar to that of Illinois, the question arose as to whether or not a certain individual was a director. There was no record of his election as such in the minutes. The minute book, however, recorded his election as a member of an executive committee. From this the court concluded that he was a director because "members [of an executive committee] are chosen from the board of directors." Bowen v. Imperial Theatres, Inc., 13 Del. Ch. 120, 115 Atl. 918. In Michigan a statute provided that ". . . such board may elect from their number an executive committee, of such number, and with such powers as the bylaws may provide." The court there said:

"No officer can be chosen whose authority does not come directly from the choice of the stockholders or through the directors, and no delegation of powers to any committee is authorized by the law except to such as are members of the board. Sess. L. 1865, p. 726."

Stewart v. Father Matthew Society, 41 Mich. 67, 73.

In an article in 18 Minn. L. Rev. 1, 6, the writer discusses a Minnesota statute which reads: ". . . board of directors may . . . designate two or more of their number to constitute an executive committee . . ." and then says:

"Most courts hold that since the directors are vested by statute with the management of the corporation they do not come within the rule of prohibiting the delegation of authority by an agent, and that therefore they may delegate to an executive committee of *their own number* the power to do any act for the corporation which they might perform for themselves."

██  The Illinois statute further provides that if the bylaws so state the "board of directors, by resolution . . . may designate" the membership of the committee. The bylaws in the instant case, instead of giving

authority to the board of directors to designate the membership of the committee, gave it to the president of the corporation. This, too, was a violation of the statute.

█ █ The next question is whether the president, through the appointment of an executive committee, could obtain additional compensation without the approval of the board of directors. He had attempted to procure such approval but was thwarted by the legal prohibition against his voting on the resolution. This left the board in deadlock. He then resorted to the appointment of the executive committee as before stated. In our opinion the trial court aptly summarized the situation by saying that he attempted thus by indirection to obtain what he could not obtain directly. It is now argued that under the law as stated in Joy v. Ditto, Inc., 356 Ill. 348, 190 N. E. 671, the president was entitled to additional compensation. We quote the following language from the Joy case, p. 355:

"The rule that an officer or a director of a corporation cannot receive compensation unless such is provided by the by-laws or resolution of the Board of Directors before the services are rendered has an exception now as fully established as the rule that where such officer or director has performed services clearly outside the scope of his duties as such officer or director, at the instance of someone of the corporation having general authority over its affairs and under a promise of payment for such services, he is entitled to receive pay therefor."

It is to be noted that under the authority of that case, an officer or director may be entitled to additional compensation if he has performed services clearly outside the scope of his duties *at the instance of someone of the corporation having general authority over its affairs and under a promise of payment for such services.* In this case the president owned 49% of the stock,

36

and directed the policy of the corporation. He took orders from no one and had never entered into a written or oral contract of employment. The only basis for finding him an employee and entitled to additional compensation was his successful salesmanship for the company. It appears, however, that at the time of the organization of the company he was to take over management of the office and of sales and that he had managed the sales of the company throughout its existence. Moreover, as president he was head of all the executive activities of the company, including sales as well as operation. He cannot obtain additional compensation for such services unless it is authorized by resolution of the board of directors, and he is disqualified from voting on such a resolution. Bloom v. Nathan Vehon Co., 341 Ill. 200, 173 N. E. 270.

■ Plaintiff in his brief suggests that much of the abstract filed by appellant was unnecessary and that this court should enter an order requiring the defendants, Alfred M. and Libera Y. Steigerwald, to bear all the costs of that portion of the record. No appeal was taken by those defendants, and this court can take no action on the suggestion.

Order affirmed.

McCORMICK, P. J. and ROBSON, J., concur.