.No. 18,222.

ANDREW WYSOWATCKY, AS ADMINISTRATOR OF THE
ESTATE OF MAUDE LEE ·v. IOLA LYONS
(328 P. [2d] 576)

Decided July 21, 1958.

Mr. THOMAS P. O'BRIEN, Mr. MARTIN I. STEINBERG, for plaintiff in error.

Mr. JAMES C. FLANIGAN, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error (herein referred to as administrator) sued out a writ of error to review a judgment of

the District Court in allowing the claim of Iola Lyons (herein referred to as claimant) against the estate of Maude Lee, deceased, for services rendered to. said decedent.

Claimant filed a claim against the estate of Maude Lee, for "Personal services rendered to decedent, Maude Lee, also known as Maud Lee during her lifetime from June 1950 to death $750.00."

Three witnesses testified on behalf of claimant. No evidence was offered by the administrator. The trial court allowed the claim in full.

Decedent was an elderly person and unable to travel conveniently by public conveyance to places where she had occasion to go. Witnesses testified that claimant performed various and numerous services for Maude Lee over a period of years.

No witness testified as to the value of the services rendered by claimant, hence this case is controlled by our holding in *Carl v. Northcutt, Administrator,* 48 Colo. 47, 108 Pac. 994. There this court said: "The verdict directed by the District Court was right. The evidence offered to show the quality and the amount of service was meager, indefinite and unsatisfactory. Not a vestige of evidence was introduced to establish the worth of that service, whatever it may have been. *In the total absence of such testimony no part of the claim can properly be allowed.*" [Emphasis supplied.] See, also, *Bloom v. Nathan Vehon Co.,* 341 Ill. 200, 173 N.E. 270, 98 C.J.S. 790, Section 47, 58 Am. Jur. 560, Section 62.

In a hearing on a claim against an estate no formal pleadings are required. The only place in this entire record where the sum of $750.00 appears is in the sworn claim filed by Claimant. The claim on file has no evidentiary value and is merely the statement of a demand made against an estate to be proved in the same manner and by like evidence as would be required in other cases where one defends as an administrator. Ac-

cepting the allegations of the claim as proof is to allow the claimant to prove her demand by her own pleading.

The judgment of the trial court is reversed and the cause remanded for a new trial consistent with this opinion.

Mr. Justice Frantz specially concurs.

Mr. Justice Frantz specially concurring:

The services rendered in this case are such that their value is a matter of common knowledge and within the experience of a judge or jury, whichever is the trier of the facts; hence, I take the position that it is unnecessary to have experts, or non-experts, or laymen, give testimony as to their value. If the trier of the facts has before it all the circumstances respecting the character and extent of the work, and the value thereof is a matter of common knowledge, the trier should determine the question of value from its own knowledge without the aid of opinion evidence.

There are numerous instances in the law in which the trier of the facts draws inferences and conclusions from evidence, because of the knowledge, observation and experience common to men generally in relation to the matter; and courts have been quick to condemn the reception of opinions in such instances as an invasion of the province of the trier of the facts. This has been particularly true in jury cases.

A typical statement of this view of the law is to be found in *In Re Hartle's Estate* (Mo. App.), 236 S.W. (2d) 40:

"While evidence of reasonable value is ordinarily essential to recovery in a proceeding of this sort, yet there is a well-defined exception in cases where the value of the things furnished is a matter of common knowledge. In such an instance, when all the facts and circumstances are in evidence with respect to the character and extent of the things supplied, the trial court or the jury as the

case may be may determine the question of value from its own knowledge without the aid of opinion evidence."

See *Hopkins v. Paradise Heights Fruit Growers' Ass'n*, 58 Mont. 404, 193 Pac. 389; *Geisenhoff v. Mabrey*, 58 Cal. App. (2d) 481, 137 P. (2d) 36, 98 C.J.S. 807, §57.

"Matters of common knowledge relating to the value of services * * * may be judicially noticed." 31 C.J.S. 706, §101. Juries have been instructed that they have a right in considering testimony and arriving at a verdict to take into consideration any knowledge which they may have which is common to mankind generally, touching the matters about which testimony has been received. *Denver & Rio Grande Ry. Co. v. Warring*, 37 Colo. 122, 86 Pac. 305. See 88 C.J.S. 1053, §389.

The circumstances showing the nature and extent of the work performed in this case are indefinite and inconclusive, so that the court had no basis for determining the value thereof from its own knowledge, and for this reason I specially concur in the majority opinion. However, I maintain that the services indicated in the record are such that opinions concerning their value are unnecessary; such services fall within the rule hereinabove enunciated.

MR. JUSTICE DAY concurs in the foregoing opinion.