582

No. 18,244.

ANDREW WYSOWATCKY, AS ADMINISTRATOR OF THE
ESTATE OF MAUDE LEE *v.* BENITA V. CLARKE.

(328 P. [2d] 578)

Decided July 21, 1958.

Mr. THOMAS P. O'BRIEN, Mr. MARTIN I. STEINBERG, for plaintiff in error.

MARJORIE WORLAND EPPING, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

DEFENDANT in error (herein referred to as claimant) filed a claim against the estate of Maud Lee, deceased, as follows: "For personal and professional services rendered to decedent during her life time from 1936 to date of death, 981.31, Safeway Heating paid March 25th 1955 $14.00, personal tax paid April 3, 1955 $4.69, Total

$1000.00." The county court after hearing allowed the claim in the sum of $18.69, and claimant appealed the case to the district court, where, after hearing, that court allowed an additional $981.31 as a fifth class claim against the estate. The administrator brings the case here on writ of error.

It appears that the deceased owned real estate and also received an Old Age Assistance award each month. The testimony in support of the "personal and professional services" rendered by claimant according to witnesses for claimant was to the effect that Mrs. Lee "made some arrangement to turn the funds realized from the checks to the claimant, and then that Lady would discharge the bills." This occurred, according to one witness, "at least twelve times anyway." Another witness testified that Mrs. Lee would take her check to "have Mrs. Clark [claimant] to cash it and then put the correct amount of change in each bill that she would have to pay." This same witness said that this was a monthly occurrence.

This case is governed by the rule announced this day in *Wysowatcky, Administrator v. Lyons*, No. 18,222, so far as the additional allowance made by the district court over and above the amount originally allowed by the county court. In the absence of evidence to establish the worth of the service rendered by claimant, no part of the claim for such service can properly be allowed. *Carl v. Northcutt, Admr.*, 48 Colo. 47, 108 Pac. 994.

No appeal by the administrator from the county court judgment which allowed the claim in the sum of $18.69 having been taken, that judgment must stand. The judgment of the district court is reversed and the cause remanded for a new trial consistent with this opinion.

MR. JUSTICE FRANTZ specially concurs.

MR. JUSTICE FRANTZ specially concurring:

584

For the reasons stated in my concurring opinion in the case of *Andrew Wysowatcky, as Administrator of the Estate of Maud Lee, also known as Maude Lee, Deceased, v. Iola Lyons,* No. 18,222, I specially concur in this case also.

MR. JUSTICE DAY concurs in this opinion.