WILLIAM WOODBURN, EXECUTOR OF THE ESTATE OF GEORGE B. THATCHER, ALSO KNOWN AS GEO. B. THATCHER, DECEASED, AND GEORGE KERR, APPELLANTS, v. LILLIE A. PESI AND ADALINE HANSEN, RESPONDENTS.

No. 3965

December 8, 1958.                    332 P.2d 999.

*John S. Belford,* of Reno, for Appellants.

*Grant Sawyer,* of Elko, for Respondents.

## OPINION

By the Court, EATHER, J.:

Appellants were original locators of five placer mining claims in Copper Canyon Mining District, Lander County. Respondents, contending that appellants failed to perform annual assessment work upon the claims, relocated the same and brought the action below to quiet title thereto. A decree in their favor was obtained.

Appellants have appealed upon the ground that there is no proof that respondents, in locating the claims, had performed "not less than $20 worth of labor upon [each

of] the claim[s] for the development thereof." NRS 517.100.

(1) There is no direct evidence that the value of the location work performed on the five claims was not less than $100. There was testimony that one Pesi worked eight days and that one Coulter worked seven days, and that they made an excavation eight feet square and four feet deep on each of the claims. To sustain the statutory requirement, that labor must have been worth at least $6.66 a day for the 15 days. While, generally, judicial notice may not be taken of the value of labor performed, there are extremes to which the rule may not extend.

It is a matter of common knowledge that even the lowest class of mine labor in this state is worth in excess of $6.66 per day. Direct testimony to such effect was not necessary to support the court's judgment. Hopkins v. Paradise Heights Fruit Growers' Assn., 58 Mont. 404, 193 P. 389; Perata v. Oakland Scavenger Co., 111 Cal. App.2d 378, 244 P.2d 940; Nylund v. Madsen, 94 Cal. App. 441, 271 P. 374. The conclusion is reinforced by official reports to the governor filed by the state labor commissioner pursuant to NRS 607.080.

(2) There is no testimony to the effect that the work done tended towards the development of the claims. Courts, however, are not disposed to substitute their own retrospective judgments for the prospective judgments of the locators in such respect, Love v. Mt. Oddie United Mines Co., 43 Nev. 61, 181 P. 133, 43 Nev. 66, 184 P. 921, particularly where there is no suggestion that the location work as described was not performed in good faith for the purpose of such development, and in anticipation that it would result in such development.

Affirmed with costs.

BADT, C. J., and MERRILL, J., concur.