Emma Galler, Individually, and as Trustee Under a Trust Agreement Dated July 21, 1956, and as Executor of the Last Will and Testament of Benjamin A. Galler, Deceased, Plaintiff-Appellee, v. Rose Galler and Aaron Galler, Individually, and Rose Galler as Executrix of the Estate of Isadore A. Galler, Deceased, Defendants-Appellants.

Gen. No. 52,095.

First District.

May 13, 1968.

Rehearing denied June 21, 1968.

Mayer, Friedlich, Spiess, Tierney, Brown & Platt, and Jesse Marcus, of Chicago (Patrick W. O'Brien and Thomas N. Jersild, of counsel), for appellants.

Arvey, Hodes and Mantynband, of Chicago (Sidney R. Zatz and Jack H. Oppenheim, of counsel), for appellee.

TRAPP, J.

Defendants appeal from an interim order of the Circuit Court of Cook County, Illinois, which was entered pursuant to a reservation of jurisdiction under a previous decree for specific performance of a corporate stockholders' agreement.

■■■■■■■■■■■■■■■■■■

In Galler v. Galler, 32 Ill2d 16, 203 NE2d 577, the Supreme Court upheld a decree dated July 12, 1962, which ordered the enforcement of a stockholders' agreement in a close corporation. Such agreement required voting of stock for election of directors which would give equal representation to the members of two families who were dominant owners of the stock. The decree also ordered defendants, Isadore Galler and Rose Galler, to account for salaries received during a prior period. The decree provided inter alia:

"10. The court retains jurisdiction of the cause and of the parties hereto for the following purposes:
"(a) To enforce the provisions of this decree;
"(b) To take the accounting required by this decree, and to enter such further orders and decrees as may be necessary and just relative to such accounting;
"(c) To determine any remaining controversy between the parties with respect to the matters set forth in plaintiff's motion for leave to file a supplemental complaint and the proposed supplemental complaint attached to said motion entered herein on August 4, 1961, and the stipulation of the parties with respect thereto filed herein on August 9, 1961, and for the purpose of entering such orders, conducting such proceedings and entering such judgments or decrees as may be equitable in relation thereto."

Pursuant to the previous decree the bylaws of the Galler Drug Company were amended to provide for a four-member board of directors as follows: Aaron Galler and Emanuel Galler, representing the Isadore Galler family, and Emma Galler, widow, and her attorney, Sidney Zatz, representing the Benjamin Galler family. The Board elected two members of each family as of-

341

ficers as follows: Aaron Galler, President; Emanuel Galler, Treasurer; Emma Galler, Secretary; and Gerald Galler (Emma's son) as Vice-President. In the year 1965, the Board of Directors authorized payment of salaries to the officers in amounts which, during the latter part of 1965, aggregated $37,500 per annum for Aaron and Emanuel Galler, and $37,500 per annum for Emma and Gerald Galler.

At the meeting of the Board of Directors held January 27, 1966, an attorney representing Aaron Galler and Emanuel Galler, proposed that the officers of the company draw no salaries until the accounting suit previously referred to be dropped. It was further proposed that if the accounting suit were dropped, the existing salaries be continued for one year. Plaintiff, Emma Galler, simply proposed that the existing salaries be continued and refused to drop the accounting suit. As a result of the difference, the meeting adjourned and no salaries were authorized.

The petition by Emma Galler for an order requiring the payment of salaries to the officers, and the answer of defendants substantially set forth the facts stated. Additionally, the answer alleges that the services of Emma Galler and Gerald Galler do not justify compensation of $37,500 per year, and further asserts that since the directors did not authorize compensation of the officers they are not entitled to any compensation.

The evidence taken at the hearing essentially confirmed such recitation of facts. However, no attempt was made by either party to furnish a substantial basis for determining a proper salary.

The position of the plaintiff petitioner is that defendants agreed to the salaries, but sought to impose an illegal condition. The position of the defendants is that a court has no authority to require a corporate board of directors to fix salaries, or to fix them in the absence of board action.

Defendants cite Steigerwald v. A. M. Steigerwald Co., 9 Ill App2d 31, 132 NE2d 373, which holds that compensation of a corporate officer for his duties as such must be authorized by resolution of the board of directors. Joy v. Ditto, 356 Ill 348, 190 NE 671, recognizes the rule that compensation of officers for their duties as such must be authorized by the board of directors, but recognizes that officers may also be employees whose compensation for such services may be fixed according to accepted practice of the corporation. Hall v. Woods, 325 Ill 114 on 139, 156 NE 258, holds that an officer who has received a salary larger than that authorized by resolution of the board of directors is required to return the difference. St. Louis, A. & S. R. Co. v. O'Hara, 177 Ill 525, on 531, 52 NE 734, holds that an officer of a corporation cannot recover a salary unless the same is fixed by resolution of the board of directors. Brown v. DeYoung, 167 Ill 549 on 553, 47 NE 863, holds that a director is not entitled to receive a salary as against a dissenting shareholder unless authorized by the board of directors. Ellis v. Ward, 137 Ill 509, 518-519, 25 NE 530, holds that payment to officers for performance of their usual duties must be authorized by resolution of the board of directors.

Plaintiff cites Pepper v. Litton, 308 US 295, 311, 84 L Ed 281; Dixmoor Golf Club v. Evans, 325 Ill 612, 615-616, 156 NE 785; Shlensky v. So. Parkway Bldg. Corp., 19 Ill2d 268-278, 166 NE2d 793 and Kane v. Schuykill Fire Ins. Co., 199 Pa 198, 204-205, 48 A 989, all of which illustrate various situations in which courts of equity have interfered to prevent directors or officers from taking advantage of their position to the detriment of creditors or stockholders.

The authorities cited are not especially helpful in the solution of the specific problem presented. None of the cases cited by either party involve the situation present here.

The Supreme Court in Galler upheld a contract for the management of a close corporation in spite of the fact that it provided for the exercise of management ordinarily delegated solely to the directors. That Court determined that the original agreement concerned a close corporation characterized as sui generis when related to the broad provisions of the statute providing that the board of directors shall manage the corporation. As noted in that opinion no creditors, minority shareholders or other persons of the public are affected, so that it was proper for the Court to require the performance of the contract made by such parties. The same decree which affirmed the contract provisions for electing directors and providing for substantially equal benefits to the two families represented, also provided for an accounting by one group. The essential issue here presented continues to be the performance of the contract concerning the corporate interests of the parties.

The trial court found that, as directors of the corporation, the defendants had a fiduciary duty to carry out the contract found to be valid. It also found the denial of salaries to be arbitrary action in violation of the fiduciary duties, and that the defendants, who had been ordered to account, seek to use the directors' deadlock over payment of salaries to avoid the accounting ordered in the original decree.

This finding is justified by the record. The trial court could well have found that since the salaries involved were a continuation of salaries which had been authorized, and no basis was laid for a different compensation, such salaries were prima facie reasonable.

Under the circumstances, the action of the trial court was merely an implementation of a decree of specific performance of a contract, and in no way affects the general rule that a court does not substitute its judgment for that of the board of directors.

344

The order of the trial court was an interim order brought on by the necessities and equities of the situation and is, of course, subject to future modification as the circumstances require.

Affirmed.

SMITH, P. J. and CRAVEN, J. concur.