(No. 12188.—Reversed and remanded.)
RACHAEL GOLDSTEIN, Admx., Defendant in Error, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed December 18, 1918—Rehearing denied Feb. 7, 1919.*

1. NEGLIGENCE—*statute requiring suit to be brought within one year after death limits the liability itself.* The provision of the Injuries act requiring suit to be commenced within one year after the death of the injured person is not a mere statute of limitation affecting the remedy but is a condition of liability and operates as a limitation on the liability itself.

2. PLEADING—*when it is error to refuse to allow filing of special plea.* It is error to refuse to allow the defendant in an action for damages for accidental death to file a special plea alleging that the suit was not commenced within one year after the death, even though other pleas not presenting such defense have been filed and one trial has been had, particularly where the second trial was not had for eight months after the leave was denied.

CARTER, J., dissenting.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

HARRY P. WEBER, GEORGE W. MILLER, and ARTHUR J. DONOVAN, (JOHN R. GUILLIAMS, and JOHN E. KEHOE, of counsel,) for plaintiff in error.

FRANK P. SADLER, and DANIEL S. WENTWORTH, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Alexander Goldstein, a boy ten years and seven months old, was run over by a street car of the plaintiff in error company at the intersection of Sixtieth street and Wentworth avenue, in the city of Chicago. He died the evening of the injury. Defendant in error, (hereafter called

plaintiff,) as administratrix of decedent's estate, began suit against plaintiff in error (hereafter called defendant) for damages. There have been three trials of the case, the first resulting in a verdict for plaintiff, which the court set aside; the second in a verdict for defendant, which the court also set aside; and the third in a verdict for plaintiff, upon which judgment was rendered by the superior court, and which judgment, on appeal to the Appellate Court for the First District, was affirmed. This court granted a petition for *certiorari,* and the case is brought here for review.

The alleged errors relied upon for a reversal are: (1) That the court erred in refusing to grant leave to defendant to file an amended or additional plea setting up and alleging that the cause of action did not accrue within one year before the suit was commenced; (2) that deceased was guilty of contributory negligence; (3) that prejudicial error was committed by the court in the admission of evidence; and (4) that erroneous instructions were given for plaintiff. In the view we take of the case it will not be necessary to discuss any of the errors assigned except the first one.

The original, first amended and second amended declarations alleged the death of plaintiff's intestate was caused by the negligent acts of defendant October 17, 1907. The suit was begun by filing a *præcipe* October 26, 1908. No summons was issued but defendant entered its appearance at the March term, 1909, of the superior court. The original declaration of one count was filed May 17, 1909, to which defendant filed a general and special demurrer. October 18, 1910, plaintiff by leave of court filed an amended declaration of one count. Defendant again demurred, and February 10, 1913, plaintiff by leave of court filed a second amended declaration of two counts, to which defendant demurred. March 18, 1913, defendant pleaded the general issue and two special pleas. The first special plea alleged the cause of action did not accrue to plaintiff "within one year

next preceding and before the filing of said second amended declaration on the 10th day of February, 1913." The second special plea alleged the cause of action did not accrue "within one year next preceding and before the appearance of the defendant" in said cause. Plaintiff filed a *similiter* to the general issue and demurred to the special pleas. The demurrer was sustained and defendant elected to stand by its pleas. A trial was had before Judge Cooper and a jury in March, 1914. Just before the trial was entered upon defendant moved the court for leave to file a plea that the cause of action did not accrue within one year next before the suit was brought, but the court denied the motion. The trial resulted in a verdict for plaintiff. The court set the verdict aside and granted a new trial. On April 8, 1914, defendant appeared before a judge of the superior court, sitting as a motion judge, tendered and asked leave to file instanter a plea alleging that the cause of action did not accrue "at any time within one year next preceding and before the commencement of this suit." Leave to file the plea was denied, and defendant then moved the court for leave to amend the second special plea previously filed, to which the demurrer had been sustained. The amendment offered to be made was to make the plea allege the suit had not been commenced within one year after the cause of action accrued, but the court denied the motion, and these rulings were preserved for review by bill of exceptions. Some eight months later the cause was tried again before Judge Brentano and a jury, resulting in a verdict for defendant. The court set aside the verdict and granted a new trial. Just before the trial began in Judge Brentano's court defendant again moved for leave to file additional or amended pleas that the suit was not brought within one year next after the cause of action accrued, but the motion was denied. November 13, 1916, the cause again came on for trial and defendant again moved for leave to file additional pleas, but the motion was denied and the trial proceeded,

resulting in a verdict and judgment for plaintiff, which is the judgment now under review.

Defendant states in its brief that the rulings of Judges Cooper and Brentano in denying it leave to file additional or amended pleas were not preserved for review by exceptions. The alleged errors therefore preserved for our review upon the denial of leave to defendant to file additional or amended pleas are the rulings made by the judge sitting as a motion judge and the judge who presided when the judgment now under review was rendered.

At the time the proceedings were had in this case the opinion in *Carlin* v. *Peerless Gas Light Co.* 283 Ill. 142, had not been rendered. It is apparent the courts and the counsel connected with this case considered and treated the provision of the Injuries act requiring suit to be commenced within one year after the death as a statute of limitations, and the pleas sought to be filed were so denominated by all parties. In the *Carlin case* we held the Injuries act created a new liability unknown to the common law, fixed a time within which the action may be brought and is not a statute of limitations; that the time fixed for commencing the action is a condition of the liability and operates as a limitation of the liability itself and not of the remedy, alone. In that case the defendant, in addition to the plea of not guilty, filed a special plea alleging the suit had not been brought within a year after the death. The trial court sustained a demurrer to the plea and this court held the ruling was erroneous. In our opinion the denial, by the motion judge of leave to defendant to file a plea that the suit had not been commenced within a year after the death, or to amend its plea previously filed to make it so allege, was erroneous. The previously filed special pleas to which a demurrer was sustained were not good pleas and did not set up the defense sought to be made by the additional plea or the amended plea that the suit was not commenced within one year after the death. At the time these mo-

tions were made the second trial was not about to be entered upon, and did not, in fact, occur until about eight months afterwards. The pleas sought to be filed were tendered the court and simply alleged that the death occurred more than one year before the suit was commenced. The mere fact, alone, that application for leave to file an additional or amended plea was not made until before the motion judge in April, 1914, after there had been one trial, was not, of itself, sufficient to warrant denial. It was a right of defendant given by statute to interpose the defense sought to be availed of, and that right could not lawfully be denied unless defendant by its own actions and conduct afforded a justification for the denial. When issue has been joined and after considerable delay application is made for leave to file a plea interposing a defense not before pleaded, the application is addressed to the sound discretion of the court, (*City of Chicago* v. *Cook*, 204 Ill. 373, and cases there cited,) and where an unfair advantage would result to defendant from its allowance it may properly be denied. No such situation was here presented when the application was made by defendant before the motion judge. The proposed plea set up no fact as a defense which was not known to the plaintiff or which would have placed her at a disadvantage in presenting her case. No surprise to plaintiff or delay in the trial could have resulted from filing the plea at the time leave was asked, any more than would have resulted if defendant had asked and obtained leave to file the plea when the demurrer was sustained to its defective pleas, and that it certainly would have had the right to do.

Our statute on amendments and jeofails is very liberal in authorizing amendments in any pleading or proceeding, in form or substance, at any time before judgment. Terms may be imposed where circumstances justify them. Section 39 of the Practice act authorizes amendments at any time before final judgment in any pleading which may enable the plaintiff to sustain the action or the defendant to make

a legal defense. That the suit was not brought within a year after the death occurred was a legal defense, and it was an abuse of discretion to deny defendant the right to plead that defense at the time and under the circumstances existing when the leave was denied. "It is the policy of our statute allowing amendments that neither party to an action shall be deprived of a substantial right through defects or omissions in pleadings if they will use reasonable diligence to avoid that result by applying to the court for leave to amend or supply the omission." (*Bemis* v. *Homer,* 145 Ill. 567.) The right to assign error on that ruling was not waived by the defendant failing to renew its application to the other two judges who presided at the subsequent trials before the date the case was reached for hearing before them.

The judgments of the Appellate and superior courts will be reversed and the cause remanded to the superior court, with directions to permit defendant leave to file its additional plea. *Reversed and remanded, with directions.*

Mr. JUSTICE CARTER, dissenting.