324

(Nos. 3215-3216, Consolidated—

JAMES H. WOLFE, No. 3215 AND METROPOLITAN TRUST COMPANY, No. 3216, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 20, 1938.*

LLOYD T. BAILEY, for claimants.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Both of above claims grow out of the same accident; both claimants are represented by the same counsel; and the claims are therefore consolidated for the purpose of this hearing.

The respective complaints allege in substance that about 3:30 A. M. on the 27th day of September, A. D. 1936, the claimant, James H. Wolfe, was driving his automobile in a northerly direction on Cicero Avenue in the City of Chicago; that his wife, Marie Wolfe, was riding as a passenger in said automobile; that said James H. Wolfe and said Marie Wolfe were each in the exercise of all due care and caution for his and her own safety; that said Cicero Avenue was then a State highway known as Route No. 50; that between 39th and 42nd Streets in said City of Chicago, said Cicero Avenue intersects a certain viaduct and passes under the tracks of the Chicago and Alton Railroad Company; that it was dark and raining; that said automobile so being driven by the claimant, James H. Wolfe, as aforesaid, then and there ran into and struck a pillar supporting said viaduct; that as a direct and

proximate result thereof said Marie Wolfe sustained injuries from which she died on the same day; said James H. Wolfe was seriously and permanently injured, and said automobile was damaged to the extent of $150.00; that said Marie Wolfe left her surviving her husband, James H. Wolfe, and her infant daughter, Marie Ann Wolfe; that the Metropolitan Trust Company was duly appointed Administrator of the Estate of said Marie Wolfe; that the accident in question resulted from the carelessness and negligence of the respondent in the construction and maintenance of said highway and in failing to provide lights, signs or other warnings on said viaduct and the pillars supporting the same.

Both complaints also allege that on March 9th, 1937 the claimants filed their respective complaints in the Circuit Court of Cook County, against the City of Chicago and The Alton Railroad Company; that on January 27th, 1938 the Presiding Judge dismissed both cases for the reason that said highway at the point in question was a State highway; and that the respondent herein was therefore charged with the duty to care for and maintain the same.

The Attorney General has entered a motion to dismiss in each case, for the reason that the respondent is not liable for the negligent and wrongful acts of its employees in the construction and maintenance of its highways.

We have repeatedly held that in the construction and maintenance of its system of State highways, the State is acting in a governmental capacity. *Spurrell* vs. *State,* No. 2228, decided September Term, 1937; *Tivnan* vs. *State,* 9 C. C. R. 495; *McGready* vs. *State,* 9 C. C. R. 63; *Baumgart* vs. *State,* 8 C. C. R. 220; *Bucholz* vs. *State,* 7 C. C. R. 241; *Braun* vs. *State,* 6 C. C. R. 104.

It has been uniformly held in this State that in the exercise of its governmental functions, the State is not liable for the negligence of its agents or employees, in the absence of a statute making it so liable. *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Royal* vs. *State,* 9 C. C. R. 67; *Ryan* vs. *State,* 8 C. C. R. 361; *Wilson* vs. *State,* 8 C. C. R. 72; 25 R. C. L. p. 407, sec. 43.

Furthermore, as to the case of Metropolitan Trust Co., No. 3216, the complaint was filed in this court on March 1st,

326

1938, to-wit, more than one year after the date of the death of said Marie Wolfe.

Our Supreme Court has held in numerous cases that the one year period fixed by the Injuries Act for commencing an action for wrongful death is not to be considered merely as a statute of limitations but is a condition of liability, and that if suit is not commenced within the time fixed by the statute, plaintiff cannot recover. *Hartray* vs. *Chicago Railways Co.*, 290 Ill. 85; *Goldstein* vs. *Chicago City Railway Co.*, 286 Ill. 297; *Carlin* vs. *Peerless Gas Light Co.*, 283 Ill. 142.

For the reasons above set forth, the motion to dismiss in each case must be allowed.

IT IS THEREFORE ORDERED that the motion to dismiss, in each case, be allowed, and the case dismissed.