**Alfred SHAW and Carl A. Metz d/b/a Shaw Metz and Associates, Plaintiffs-Appellants,**

v.

**The AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellee.**

**No. 17066.**

United States Court of Appeals Seventh Circuit.

Feb. 20, 1969.

Tom L. Yates, Frederic L. Goff, Chicago, Ill., Carl E. Abrahamson, Chicago, Ill., of counsel, for plaintiffs-appellants.

Alan H. Swanson, Cornelius J. Harrington, Jr., Chicago, Ill., Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., of counsel, for defendant-appellee.

Before CASTLE, Chief Judge, DUFFY, Senior Circuit Judge, and KILEY, Circuit Judge.

DUFFY, Senior Circuit Judge.

Shaw Metz and Associates (Shaw) brought this suit against Aetna Casualty and Surety Company (Aetna) for damages for breach of a liability policy of insurance issued to Shaw by Aetna. The District Court denied a motion by plaintiffs for judgment on the pleadings. Thereafter, the cause was submitted to

the Court on the issue of liability and a stipulation of facts. The District Court entered judgment in favor of the defendant.

This suit arises out of a lawsuit in the Circuit Court of Cook County, Illinois, filed by Mary Ann Ivanov as conservatrix of the estate of Walter Ivanov, incompetent (Ivanov) against Chicago Housing Authority and Shaw. The complaint in that case alleged that the Chicago Housing Authority had engaged and employed Gust Newberg Construction Company to erect a structure in accordance with plans, specifications and drawings prepared by its architect, the defendant Shaw.

Shaw tendered the defense of the action to Aetna but Aetna refused. Shaw then defended the action which was subsequently settled for $35,000. Shaw incurred costs and expenses of $30,000 and, in the instant suit, demands judgment for $65,000, costs and reasonable attorney fees.

■■■ The Illinois courts have held that a liability insurer is bound to defend any injury action against its insured where the complaint in that action alleges a state of facts within the coverage of the policy. It is necessary, therefore, to match the allegations in the complaint with the terms of the policy, including any exclusions, to determine whether the case is within, or potentially within, the coverage of the policy. McFadyn v. North River Insurance Co., 62 Ill.App. 2d 164, 209 N.E.2d 833, 835. If any exclusion is relied upon to negative coverage, the fact that such exclusion applies must appear on the face of the complaint. See Sims v. Illinois National Casualty Co., 43 Ill.App.2d 184, 193 N.E. 2d 123.

The complaint alleged that: " * * * a certain material hoist was erected or constructed for use in the erection of the aforesaid structure; that each of the defendants by and through their servants or agents in their behalf were in charge of the erection of the aforesaid structure."

The complaint further alleges that said hoist was not erected, constructed, placed or operated in a safe, suitable and proper manner as to give proper and adequate protection to the life and limb of any person, including Walter Ivanov, passing under or by the same, and in such manner to prevent the falling of any material, in accordance with Chapter 48, Sections 60–69, 1959 Illinois Revised Statutes.

The complaint further alleges the defendants, and *each of them,* wilfully did fail to do one or more of the following in violation of the above mentioned statutes: wilfully failed to place and operate the hoist so as to prevent the falling of material and to give adequate protection to those underneath, and wilfully failed to provide the hoist with a covering and a safe-guard to protect persons working at or near the hoist. (Emphasis supplied).

The complaint stated that as a result of the aformentioned acts, the outrigger used on the hoist fell violently on Ivanov, fracturing his skull and causing serious personal injuries.

Aetna relies primarily on Endorsement T–28, a part of the policy which provides that the policy does not apply to injury arising out of defects in maps, plans, designs or specifications, prepared, acquired or used by the insured, or due to general supervision of the insured in connection with the operations of any contractor.

It is apparent the trial court relied heavily on its interpretation of the allegation in the Ivanov complaint that Shaw's duties as an architect were to design and supervise and that those were Shaw's only duties at the construction site, and that any liability of Shaw necessarily arose out of defects in design or resulted from general supervision.

However, nowhere in the Ivanov complaint is there any allegation that Shaw designed the hoist in question or that there was any defect in any map, plan, design or specification prepared or used by Shaw. But there are allegations that Shaw, themselves, among other things,

wilfully failed to place and operate the hoist properly.

We think the allegations in the Ivanov complaint were sufficiently broad and if established by evidence, would spell liability by Shaw, and that Aetna should have defended since such liability was potentially within its policy.

Pertinent is the statement in New Amsterdam Casualty Co. v. Certain Underwriters, 34 Ill.2d 424, 216 N.E.2d 665, 669: "Losses should not fall irrevocably upon that insurer which first recognizes its obligations, while one neglectful of its duty is allowed to escape."

The decision of the District Court is reversed and remanded for the assessment of damages consistent with this opinion.

Reversed and remanded.