Joseph M. Hemingway, d/b/a Hemingway Engineering, Plaintiff-Appellee, v. Skinner Engineering Company, a Corporation, Defendant-Appellant.

Gen. No. 69–28.

Second District.
December 12, 1969.

Carl J. Cipolla and Harry G. Fins, of Chicago, for appellant.

Tyler and Pesking, of Aurora, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

The plaintiff, Joseph M. Hemingway, d/b/a Hemingway Engineering, a distributor of smokestacks and smoke abaters, brought this suit against the defendant, Skinner Engineering Company, a corporation, to recover the sum of $7,811 for services and materials furnished to the defendant on two individual job sites. The complaint alleged:

"1. That on or about August 13, 1965 the plaintiff was engaged in the business of building material and related products.

"2. That on or about the before-mentioned date and on days both prior and subsequent thereto, the plaintiff at the instance and request of the defendant furnished services and material to said defendant.

"3. That the reasonable value of the unpaid services and material is $7,811.00 which the defendant agreed to pay.

"4. That the same is wholly unpaid although payment has been duly demanded.

"WHEREFORE, plaintiff demands judgment against the defendant in the amount of $7,811.00 plus costs of suit."

Before the trial, the defendant demanded and the plaintiff furnished a bill of particulars. The defendant filed an answer wherein it denied all of the allegations of the complaint, except paragraph 1 thereof. The case was tried before the court without a jury and judgment was entered for the plaintiff in the sum of $7,371. The defendant appealed.

On appeal, the defendant contends that the plaintiff did not prove the reasonable value of the unpaid services and materials; that the plaintiff's complaint was predicated on a quantum meruit theory; and that the judgment must be reversed in that the plaintiff cannot allege a cause of action under the quantum meruit theory—that the defendant promised to pay the plaintiff the reasonable value of the services and materials furnished—, and recover on proof which supports only the indebitatus assumpsit theory—that the defendant owed a debt to the plaintiff which the defendant promised to pay.

The plaintiff contends that his pleadings were predicated upon, and his proof sustained, the indebitatus assumpsit theory; and that the trial court's findings should not be disturbed unless clearly against the preponderance of the evidence.

 The origin and development of the action of assumpsit is involved and interesting, but need not be restated in this opinion. At common law there were two forms of the action of assumpsit—special and general. Generally speaking, special assumpsit was a proper remedy where there was an express contract, while general assumpsit would lie under certain circumstances where there was an express contract and where a contract was implied. Such circumstance existed where a

contract has been fully performed and nothing remained but to pay the money. The various forms of general assumpsit, known as the common counts, were: indebitatus assumpsit; the quantum counts (quantum meruit and quantum valebant) ; the money counts (money had and received, money lent and money paid) ; and the count upon an account stated. See: Banik v. Bishop-Stoddard Cafeteria Co., 288 Ill App 174, 178–183, 5 NE2d 868 (1937) ; 1 Am Jur2d (Actions), pp 551–557.

██ Under the common law of this State, indebitatus assumpsit was one of the common counts used to recover a debt for labor, material or other personal services furnished by the plaintiff where there was a subsequent promise to pay and the remuneration was to be in money. Foster v. McKeown, 192 Ill 339, 344, 345, 61 NE 514 (1901) ; Banik v. Bishop-Stoddard Cafeteria Co., supra, 179. However, the use of the common counts in pleadings is now specifically prohibited by section 33(1) of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 33(1)). Also see: Joint Committee Comments, SHA, c 110, § 33, pp 374–375.

██ It is obvious that the use of the common-count allegations violate the spirit and letter of the requirement of section 33(1) of the Act, that all "pleadings shall contain a plain and concise statement of the pleader's cause of action, . . . ." (Ill Rev Stats 1967, c 110, par 33(1).) The common counts do little more than give notice of the general nature of the plaintiff's claim, and they fail to inform the defendant of the real issues to be tried. While the elements of a cause of action may be contained therein, the legal consequences of the words "indebted," "agreed," and "promised" are carried to such an extreme as to make them fictitious allegations.

On the subject of forms of action, section 31 of the Civil Practice Act provides:

"Neither the names heretofore used to distinguish the different ordinary actions at law, nor

any formal requisites heretofore appertaining to the manner of pleading in those actions, respectively, are necessary or appropriate, and there shall be no distinctions respecting the manner of pleading between actions at law and suits in equity, other than those specified in this Act and the rules. This section does not affect in any way the substantial averments of fact necessary to state any cause of action either at law or in equity."

(Ill Rev Stats 1967, c 110, par 31.)

Section 42 of the Act deals with the matter of insufficient pleadings. It provides:

"(1) If any pleading is insufficient in substance or form the court may order a fuller or more particular statement. If the pleadings do not sufficiently define the issues the court may order other pleadings prepared.

"(2) No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet.

"(3) All defects in pleadings, either in form or substance, not objected to in the trial court are waived."

(Ill Rev Stats 1967, c 110, par 42.)

■■■■ The object of a bill of particulars is to supply a deficiency in a pleading, and when a bill of particulars has been demanded and furnished, its effect is to limit and restrict the pleader, on the trial, to proof of the particular cause of action or defense mentioned therein. Bloom v. Nathan Vehon Co., 341 Ill 200, 206, 207, 173 NE 270 (1930). It is where the allegations of a pleading are wanting in details, that the opposite party is entitled to a bill of particulars. This is one way of remedying an insufficient pleading.

458

In deciding whether the plaintiff stated facts sufficient to allege a cause of action in the case at bar, the court must look to the plain and fair intendment of the language used by the plaintiff in his pleadings, including the bill of particulars, and the facts which may be reasonably implied therefrom. Annerino v. Dell Pub. Co., 17 Ill App2d 205, 210, 149 NE2d 761 (1958). "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." (Ill Rev Stats 1967, c 110, par 42(2), supra.) Also, the Civil Practice Act "shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." (Ill Rev Stats 1967, c 110, par 4.)

The reforms of the Civil Practice Act have simplified court procedures and have enhanced the administration of justice in Illinois. In discussing the basic philosophy of the Act, this court in McMillen v. Rydbom, 56 Ill App2d 14, 205 NE2d 813 (1965), at pages 29 and 30 stated:

"There is, however, a more compelling reason for our decision. It lies in the basic purpose of the Civil Practice Act: the removal of barriers which prevent the trial of a case on its merits and the facilitation of procedures to accomplish this end. In adopting the Civil Practice Act, the General Assembly 'acted in response to prevailing dissatisfaction with procedural doctrines which had exalted the role of a trial as a battle of wits and subordinated its function as a means of ascertaining the truth.' Krupp v. Chicago Transit Authority, 8 Ill2d 37, 41, 132 NE2d 532 (1956). The overall philosophy of liberal construction of the Practice Act precludes the determination of rights of litigants upon the technicalities of pleading and procedure when such rights may, with-

459

in the spirit and letter of the Act, be adjudicated on their merits. Fleshner v. Copeland, 13 Ill2d 72, 77, 147 NE2d 329 (1958); People ex rel. Terry v. Fisher, 12 Ill2d 231, 145 NE2d 588 (1957); Hruby v. Chicago Transit Authority, 11 Ill2d 255, 142 NE 2d 81 (1957); People ex rel. Noren v. Dempsey, 10 Ill2d 288, 139 NE2d 780 (1957); Ill Rev Stats 1963, c 110, par 4."

In view of the provisions of section 33(1) of the Civil Practice Act, the plaintiff's cause of action would lie neither in indebitatus assumpsit nor under the quantum counts. Our courts no longer pay homage to the forms, labels and technicalities of the pleadings of yesteryears. Form is no longer exalted over substance, and the courts should stand intransigent against any retreat from the enlightened provisions of the Civil Practice Act. Whether or not the plaintiff's action will lie should be tested by the requirement that his complaint must contain a plain and concise statement of his cause of action.

The complaint was not artfully drawn. It would have been subject to dismissal upon proper motion. However, the defendant did not see fit to file such motion, but rather, chose to have the deficiencies of the complaint supplied by a bill of particulars. Upon the filing of such bill, the facts stated in the complaint and in the bill of particulars, and all reasonable intendments therefrom, constituted the plaintiff's cause of action.

The bill of particulars specified: the services which the plaintiff claimed he rendered and furnished to the defendant, the dates and hours when the alleged services were rendered and the dates when materials were allegedly furnished on each job, and the value of such materials. It stated that the alleged agreement originated as an oral one, but that various written memoranda were exchanged between the plaintiff and the defendant, in-

cluding correspondence, bills and other items; and that the alleged agreement of the defendant was to pay the price, as invoiced, for the materials within 30 days after the delivery thereof. It set forth the dates when payment was demanded by the plaintiff from the defendant in connection with each of the two jobs in question.

The bill of particulars was filed March 8, 1968, and the defendant filed answer to the complaint on October 8, 1968. The answer admitted the allegations of paragraph 1 of the complaint, and denied the remaining allegations thereof. It made no reference to the allegations of the bill of particulars.

■■■■ From the allegations of the complaint, the matters set forth in the bill of particulars, and from the evidence adduced, we believe that the plaintiff was claiming a cause of action under express oral contracts. The record indicates that the defendant understood the nature of the plaintiff's claims against it. We believe that the plaintiff's pleadings contained sufficient allegations to sustain a cause of action based on express oral contracts.

At the trial, the defendant's counsel made an opening statement in which he said:

"We agreed, as you see by our answer, that there was a contract entered into between the parties.

"Our position, and I think the evidence will disclose, that the Plaintiff failed to live up to his part of the bargain; that he did not deliver what he had contracted to deliver to the Defendant, and in connection with the first transaction referred to by Plaintiff's counsel, this item was returned to the Plaintiff.

"The Plaintiff in his opening statement says that they received a credit. We will show evidence that the credit transaction was improper. Secondly, as

461

to the second job, we will also show that again the Plaintiff failed to comply with his part of the contract; that no monies were due to the Plaintiff as a result thereof; and therefore, the Defendant denies that he owes any money at all to the Plaintiff as a result of this alleged contract.

"But briefly, that is our side now."

■■ We acknowledge that under section 31 of the Civil Practice Act, which abolished the labeling of actions that existed under common law pleading, the requirement remained that the complaint must contain the averments of fact necessary to state a cause of action, and, we believe that the allegations of the complaint and of the bill of particulars in this case meet this mandate.

■■ ■■ Under the evidence in this action, we do not find such variance in the allegations and proof as to require a reversal of the trial court. We recognize that the plaintiff must recover, if at all, on and according to the case he has made by his pleadings. He cannot make one case by his pleadings and have judgment on another and different ground, even though the latter is established by proof. Broberg v. Mann, 66 Ill App2d 134, 137, 138, 213 NE2d 89 (1965). However, the rule is that a variance is not deemed material unless it misleads the adverse party to his prejudice. Stevenson v. Meyer, 10 Ill2d 335, 339, 340, 139 NE2d 740 (1957). In the case at bar, we do not believe that the defendant was misled.

Despite, or perhaps because of, the ineptness of the plaintiff's complaint and the brevity of the defendant's answer, the parties formed their own issues during the trial. They agreed that oral contracts had been entered into whereby the plaintiff was to furnish labor and materials to the defendant in connection with two specific jobs. Under the contract with reference to the

Chicago Extruded Metals job, the price was agreed upon and the defense to this claim was that the plaintiff guaranteed that the smoke abater would work and it failed to do so. Under the contract relative to the Drying Systems job, the terms relative to the labor and materials to be furnished were undisputed, and the dispute arose over the price billed by the plaintiff. The defendant denied that the billed price was the correct price.

■ Thus, in this case, the parties, irrespective of the pleadings, formed their own issues during trial, and an objection that an issue was not raised in the pleadings, may be waived by the conduct at the trial of the objecting party, or by such party introducing evidence on the issue. Hedrich v. Village of Niles, 112 Ill App2d 68, 250 NE2d 791 (1969).

In McKinney v. Nathan, 1 Ill App2d 536, 117 NE 2d 886 (1954), at page 543, the court stated:

"The parties may, by the introduction of evidence or their conduct in the trial, waive formal pleadings or form their own issues on the evidence introduced, and they may voluntarily present under the evidence issues not presented by the pleadings. An objection that a certain matter is not an issue under the pleadings or that it is not denied or properly denied may be waived by a party where he introduces or brings out evidence bearing on the subject, or tries the case as if the matter were not in issue."

■ By the testimony offered by the parties and by their conduct at the trial, all deficiencies with reference to any variations between the allegations and the proof were waived.

■ Many of the material facts in issue were disputed. The trial magistrate heard the conflicting evi-

dence, considered the exhibits and the testimony of each of the witnesses in the light of the totality of the attending circumstances, determined the credibility of the witnesses, the weight to be given to their testimony and then decided the pertinent factual issues. Ours is not the fact-finding function; nor do we concern ourselves with resolving conflicts in the evidence, its weight or the credibility of the witnesses. These are matters for the trier of the facts. In the case at bar, the trial court heard and observed the witnesses as they testified and, from the totality of his perception, determined the issues which the parties had formed at the trial in favor of the plaintiff. We uphold the decision of the trial court in this respect.

 Upon appeal, we review the case upon the law involved and with reference to factual determinations, and we reverse the judgment of the trial court whenever we find such judgment contrary to the law or clearly against the manifest weight of the evidence. Elgin Lumber &. Supply Co., Inc. v. Malenius, 90 Ill App2d 90, 97, 232 NE2d 319 (1967); Revcor, Inc. v. Fame, Inc., 85 Ill App2d 350, 356, 228 NE2d 742 (1967).

 After giving full consideration to the conflicting evidence on the issues in the case at bar, we cannot hold that the findings of the trial court were against the manifest weight of the evidence. Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

MORAN, P. J. and SEIDENFELD, J., concur.