BAZZELL-PHILLIPS AND ASSOCIATES, INC., *et al.*, Plaintiffs-Appellees, *v.* COLE HOSPITAL, INC., Defendant-Appellant.

Fourth District    No. 14388

Opinion filed October 31, 1977.

Liss & Mangum, of Chicago (Ronald Scott Mangum, of counsel), for appellant.

Edward H. Rawles, of Reno, O'Byrne & Kepley, of Champaign, for appellees.

Mr. JUSTICE MILLS delivered the opinion of the court:

The trial judge and defense counsel here were obviously locked in a combat of personalities.

■■  Even the cold black and white record before us communicates an underlying and mutual antagonism between the two. The acerbic, nettled and rasping nature of the trial judge's remarks reflect the basic tenor of the exchanges—and they are neither admirable nor to be overlooked or condoned. Further, the presiding judge here came within a hair of injecting himself in an adversarial role in his relation to defense counsel.

Having said this, however—and on the merits—this case does not disclose any prejudicial error and we affirm.

Bazzell-Phillips and Phillips and Associates (a joint venture) entered into a contract with Cole Hospital, Inc., to provide architectural services, and Brown, Davis, Mullins and Associates, Inc. (Brown) is a subcontractor who was hired by the joint venture to do mechanical engineering work on the project. On January 3, 1975, the hospital sent the architects a letter asking them to stop services on the contract except for certain specified work to be finished. The architects then sent numerous bills to Cole Hospital who responded by promising payment but never followed through with tender of the fees.

Upon failure to collect, the plaintiffs brought suit seeking to foreclose mechanic's liens on the hospital. A bench trial was held and the court found for the plaintiffs, entering judgment in favor of Bazzell-Phillips and Phillips jointly for $60,125.81 and in favor of Brown for $12,800. The hospital raises five issues on appeal, all of which concern alleged errors in the trial court's handling of the case.

I

■■  First, Cole contends the trial court erred in denying its motion to amend its answer to plaintiffs' complaint in order to add an affirmative defense and counterclaim revolving around the alleged illegality of the contract. Such amendments should be liberally allowed. (Ill. Rev. Stat. 1975, ch. 110, par. 46; *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64.) However, an examination of the facts here do not show that the spirit of section 46 is violated by the trial court's denial of the proposed amendments. The trial in this case was originally set for January 28, 1977, but due to weather conditions was postponed to March 1, thus allowing Cole Hospital ample time to prepare its defense. In spite of this, the hospital did not offer the amendment until at a pretrial conference on February 23. The trial judge denied the motion and supported his refusal with the following reasons: (1) the matters set forth in the motion were collateral and extraneous to the issues before the court;

(2) the defendant had not pursued discovery; (3) the defense sought to be raised by the amendment could have been easily ascertained at an earlier time; and (4) the amendment would result in a substantial hardship to the plaintiffs since the trial was to commence in five days.

It is well within the sound discretion of the court to refuse such an amendment when it seeks to interpose a defense not before pleaded. (*Goldstein v. Chicago City Ry. Co.* (1919), 286 Ill. 297, 121 N.E. 726; *Nitrin, Inc. v. American Motorists Insurance Co.* (1968), 94 Ill. App. 2d 197, 236 N.E.2d 737.) With the antecedent facts of this litigation in mind, it was not an abuse of the trial court's discretion to deny the amendment.

## II

Cole's second argument is predicated on its belief that its right of cross-examination was unduly limited. Specifically, the hospital contends that it was not allowed to cross-examine plaintiffs' Exhibit #4 which contained files showing the internal office file work on the contract in question. We cannot agree and find that the record clearly shows that the witness had been tendered to defense counsel solely for the limited purpose of cross-examining on the *foundation* of the exhibit at that time. The court specifically advised defense counsel that he could conduct a *general* cross-examination later:

> "You may proceed along that line of inquiry, Mr. Ermentrout, at a later point. This is a tender of a witness to you solely and only with regard to the offer of the exhibits, to cross examination (sic) at this time concerning these exhibits to which you might object. When the exhibits have been ruled upon and the witness has been tendered for general cross examination you may proceed along this line of inquiry."

Thus, defendant was not precluded from conducting a general cross-examination and his failure to do so is not the fault of the trial court.

## III

■■ The hospital's third contention is likewise without merit. Cole contends that the trial court was overly concerned with an expeditious trial and this resulted in a curtailment of defendant's case—specifically its cross-examination of plaintiffs' Exhibit #4. The hospital points to several occasions during the litigation where the trial judge told the parties that he expected the trial to be limited to 1½ days. Although the court did make these comments, once the defense began its case on the second morning of the trial, the court made no mention of any time limitation. A reading of the record does not substantiate defendant's claim that it was prejudiced or deprived of a fair opportunity to present its case.

## IV

■■■ As its next ground on review, the hospital alleges error by the trial court in limiting its inquiry into the competency of work performed by the plaintiffs. The trial judge held that the issue of competency was not raised by the pleadings and denied any inquiry into that subject. Cole contends that this was error and cites section 46(3) of the Civil Practice Act which specifically allows the amendment of pleadings to conform to the proof presented at trial. (Ill. Rev. Stat. 1975, ch. 110, par. 46(3).) However, defendant did not properly amend his pleadings, especially in light of his response to plaintiffs' bill of particulars. (Ill. Rev. Stat. 1975, ch. 110, par. 37.) When a bill of particulars has been demanded and furnished, its effect is to limit and restrict the pleader—on the trial—to proof of the particular cause of action or defense mentioned therein. (*Bloom v. Nathan Vehon Co.* (1930), 341 Ill. 200, 173 N.E. 270; *Hemingway v. Skinner Engineering Co.* (1969), 117 Ill. App. 2d 452, 254 N.E.2d 133.) The court reminded the hospital that it had not raised the issue of competency in its bill of particulars, but defense counsel did not amend the bill of particulars insisting its answer to plaintiffs' complaint was sufficient to raise the issue in that he denied that plaintiffs furnished "professional service" as required by the contract. That answer, however, appears to us to go to the *quantity* rather than the *quality* of the work done and defendant's subsequent failure to clarify this ambiguity in his answer to the bill of particulars indicates he was not raising competency as an issue. The trial court was correct in its denial of inquiry into such area.

## V

Finally, the hospital urges that there is no basis for the trial court's awarding of damages to the subcontractor (Brown). And a survey of the record indeed indicates there was no testimony as to the amount of damages suffered by Brown. This argument, however, loses its potency when the relationship of the parties is examined. The controversy involved payment by Cole Hospital to the two general contractors, the Bazzell-Phillips firm and the Phillips and Associates firm. The amount of $72,925.81 was found owing to them and this is not contested. The general contractors agreed that $12,800 should be paid to subcontractor Brown and the court properly approved this upon Brown's sworn affidavit. *Ergo,* any problem evaporates when it is realized that the $12,800 judgment for subcontractor Brown was included in the $72,925.81 awarded by the court for the total services performed under the contract.

Therefore—we affirm.

Affirmed.

CRAVEN, P. J., and TRAPP, J., concur.