PLEASURE DRIVEWAY AND PARK DISTRICT OF PEORIA, Plaintiff-Appellant, *v.* AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellee.

Third District    No. 79-138

Opinion filed January 29, 1980.

Larry T. Frantz, of Law Offices of Raymond C. Rose, Ltd., of Peoria, for appellant.

Richard E. Quinn, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Pleasure Driveway and Park District of Peoria brought this declaratory judgment action against its insurer, Aetna Casualty and Surety Company, to determine liability for Aetna's failure to provide a defense in the course of litigation between the park district and the golf professionals previously employed by the district. The issue framed by the complaint was whether Aetna had a duty under its policy of liability insurance to defend the cause of action stated in the "Counterclaim and Third Party Complaint" filed in cause No. 74-L-811 in the Circuit Court of Peoria County. The trial court entered judgment on the pleadings in favor of Aetna, and the park district appeals. We affirm.

In 1974 the park district became embroiled in a lengthy dispute over the management of its five golf courses and the operation of the pro shops located at those courses. This controversy resulted in extensive litigation in both State and Federal courts. (*E.g., Pleasure Driveway & Park District v. Jones* (1977), 51 Ill. App. 3d 182, 367 N.E.2d 111; *Pleasure Driveway & Park District v. Kurek* (1975), 27 Ill. App. 3d 60, 325 N.E.2d 650; *Kurek v. Pleasure Driveway & Park District* (7th Cir. 1977), 557 F.2d 580.) In the course of one lawsuit in the Circuit Court of Peoria County (No. 74-L-811, Ramsey v. Marschall, *et al.*), defendants William Kurek, Walter Durdle, Robert Togikawa, Ed Jones and Richard Hoadley filed a pleading titled "Counterclaim and Third Party Complaint" naming as third-party defendant Pleasure Driveway & Park District of Peoria.

In the counterclaim, it was asserted that, when the Park District entered into a concession agreement with Golf Shop Management, Inc., for the operation of the golf courses and pro shops, the district violated the Illinois Antitrust Act by attempting to monopolize unlawfully the pro shops and the related market and that this conduct led to the confiscation of and injury to the golf pros' businesses, properties, and local governmental employment rights.

The policy of liability insurance issued by Aetna to the park district in 1971 provided, *inter alia*, comprehensive general liability coverage which included both property damage and bodily injury, and personal injury liability coverage. As to the latter coverage, the policy provided in part as follows:

> "The company [Aetna] will pay on behalf of the Insured [Park District] all sums which the Insured shall become legally obligated to pay as damages because of injury (herein called 'personal injury') sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the named insured's business:
> * * *

Group C—wrongful entry or eviction, or other invasion of the right of private occupancy.

＊ ＊ ＊

Exclusions. This insurance does not apply:

＊ ＊ ＊

(c) to personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the named insured ＊ ＊ ＊.''

The park district's declaratory judgment complaint alleged in general terms that under Aetna's policy, the park district was entitled to a defense of the counterclaim in cause No. 74-L-811, and in answer to Aetna's subsequent request for a bill of particulars, the park district stated that coverage was claimed under personal injury liability, Group C, for the allegations contained in paragraph Nos. 7, 14-18, 20, and 21 of the counterclaim in cause No. 74-L-811, and also for various allegations against the park district contained in pleadings filed in two other cases. However, since the complaint for declaratory judgment does not allege that Aetna had a duty to defend any claims other than the counterclaim in case No. 74-L-811, and since the complaint has not been amended, the allegations contained in other suits are not relevant to this cause and will not be considered.

Aetna filed a motion to dismiss the complaint, and the park district filed a motion for summary judgment. The trial court ruled that Aetna's policy of insurance did not afford coverage for the claim alleged in cause No. 74-L-811 against the park district and that Aetna was not obligated to provide a defense. This appeal followed.

●■■ One of the arguments asserted by the park district is that some of the allegations against the district were within the comprehensive general liability coverage of the policy. However, such coverage was not mentioned in the bill of particulars. Since the bill of particulars limits and restricts the pleader to proof of the particular cause of action mentioned therein, a cause of action based on a coverage not mentioned is beyond the purview of the trial court. (*Bazzell-Phillips & Associates, Inc. v. Cole Hospital, Inc.* (1977), 54 Ill. App. 3d 188, 369 N.E.2d 337; *Hemingway v. Skinner Engineering Co.* (1969), 117 Ill. App. 2d 452, 254 N.E.2d 133.) Hence, we need not determine whether the comprehensive general liability coverage applied.

■■ In determining the extent of an insurer's obligation to defend, it is necessary to compare the allegations of the complaint or counterclaim with the terms of the policy to determine whether the case is potentially within the coverage of the policy. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24.) Here the park district argues that

personal injury liability Group C provides coverage against the allegations of confiscation of business and property interests.

██ We have examined those paragraphs of the counterclaim which are argued to come within the protection of the policy's provision in Group C, which insures against an injury from wrongful entry or eviction, or from an invasion of the right to private occupancy. These paragraphs primarily assert a cause of action against the park district for violation of the Illinois Antitrust Act based upon price fixing and an alleged monopoly of the market served by the pro shops. In addition the park district is charged with wrongfully terminating the employment and businesses of the golf pros as a result of which the golf pros claimed wage losses of no less than $100,000 per year and business losses of no less than $300,000 per year. None of these allegations come within the coverage of the policy and, in fact, any injury related to employment is expressly excluded. (See *Shaw v. Aetna Casualty & Surety Co.* (7th Cir. 1969), 407 F.2d 813.) Although one paragraph of the counterclaim mentions "confiscation of * * * properties," when these words are read in context, they obviously refer to a termination of employment and contractual rights which are beyond the coverage of Aetna's policy.

Accordingly, we affirm the judgment of the Circuit Court of Peoria County in favor of defendant Aetna.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.